CASE 105—EQUITY—OCTOBER 8, 1881.

# Tabor, &c., v. McIntire, &c.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. Although a testator has no right to alter the laws of descent, he may designate and exclude from participation in his estate persons who would otherwise inherit.

2. The following paper, wholly written and signed by the testatrix, is held to be a valid will: "For sundry reasons and bad treatment, it is my will and wish that Boone Tabor shan't have any of my property, and Thomas McIntire, only through a responsible trustee, in the way of clothes and something to keep him from suffering."

3. The excluded heir being one of two children of a deceased sister of the testatrix, his brother is entitled to their mother's whole share to the exclusion of the brothers and sisters of the testatrix.

4. Thomas McIntire, a brother of the testatrix, is not entitled to a share absolutely, but a share should be invested for him by his trustee, so much of the interest to be used as may be required to furnish him annually with clothing, food, and shelter; and if the interest should not be sufficient for that purpose, the principal may be used as his annual necessities may demand.

REID & STONE FOR APPELLANTS.

1. The paper in controversy does not dispose of any property, and is therefore not a will. (Redfield on Wills, vol. 1, pp. 4 and 5; Jarman on Wills, vol. 1, p. 1; Bouvier's Law Dictionary, "Wills;" 4 Kent, 501; Byers v. Byers, 6 Dana, 313.)

2. A testator cannot disinherit his heir, unless he devises his estate to some one else. (Boisseau, &c., v. Aldridges, 5 Leigh (Va.) Reports, 222.)

3. The brother of the excluded heir takes their mother's share to the exclusion of the brothers and sisters of the testatrix.

4. The devise to Thomas McIntire does not invest him with the fee to any part of the estate, but only makes his support a charge on the estate.

O. S. TENNEY FOR APPELLANT RICHARD TABOR.

1. The paper in contest is a valid will. (Redfield on Wills, chap. 2, p. 4; Jarman on Wills, volume 1, page 1; Bouvier's Law Dictionary, "Wills.")

2. The appellant Richard Tabor is entitled to his mother's entire share.

W. H. WINN FOR MELVINA CONGLETON'S ADM'R.

The order admitting the paper in controversy to record as a will is conclusive until reversed or set aside by the circuit court. (Mitchell, &c., v. Holder, 8 Bush, 362.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

Malvina Congleton, having a brother and sister, and nephews and nieces of three deceased brothers and one deceased sister, but without children, died leaving a holographic will in the following language:

"For sundry reasons and bad treatment, it is my will and wish that Boone Tabor *shan't have* any of my property, and Thomas McIntire, only through a responsible trustee, in the way of clothes and something to keep him from suffering."

It was probated by the county court of Montgomery, and an administrator with the will annexed appointed.

He and the brother, sister and nephews and nieces filed a joint petition, making the two infant children of one of the nieces, who had died, defendants, and asking a construction of the paper.

The court adjudged that she died testate as to part, and intestate as to the remainder of her estate, and that the heirs and devisees take it as follows:

"First, Boone Tabor does not take or inherit any part of the estate of the deceased; second, Richard Tabor takes one eleventh part of the whole estate; third, Thomas McIntire takes two-elevenths of the whole estate, to be paid over to trustee, to be used by such trustee in such a way as to provide said Thomas McIntire with clothes, and to keep him from suffering."

To each of the stocks of those who were dead, and to the living sister, two-elevenths of the estate was adjudged.

From the judgment Boone and Richard Tabor appeal. They are the only children of one of the dead sisters.

For the appellant, Boone Tabor, it is insisted that the holograph quoted is not a will, because it simply changes the law of descent. While the testatrix had no right to

alter the laws of descent, yet she had the right to dispose·
of her property as she. wished, and might designate and'
exclude from participation in her estate persons who would
otherwise inherit.   The exercise of this right is the disposi-
tion of the share such excluded person would have received,
and it results in giving it to another who she is presumed to·
have known would take it by descent.   All she has done is.
to increase the interest in her estate of some of the inher--
itors, and destroyed and limited that of others.   Had she·
given the whole of her estate to one, and excluded all the·
others, no doubt could have arisen in any mind that she had
made a will recognized by the law; and as she excluded
one, and limited another, and left her estate to be divided.
according to the law of descent among the others of her
next of kin, there can be no doubt that the totally excluded·
nephew can take nothing under the laws of descent.

She declares that the dispositions contained in the hol-
ograph is her will and wish.   And without indulging in a·
critical analysis of the facts of the authority cited, which
show that the paper in that case was no will in truth, and'
not intended to be, so far as the omitted or objectionable·
persons were concerned, we are led to the conclusion that
the paper wholly written and signed by Mrs. Congleton is a
valid will.

But the court erred in not adjudging to the appellant,.
Richard Tabor, one-sixth instead of one-eleventh of the·
estate; for, as his only brother was excluded from partici-
pation in any part of the estate, and no one pointed out to·
take the share of their mother, Richard inherits the whole·
of her share, because in no event can brothers and sisters.
jointly inherit with children.

Under the laws of descent the children, if any be living, take the estate of the deceased, and the brothers and sisters of the deceased never take by descent until it is shown that there are neither children nor their descendants, nor a father of the deceased living.

There can be no claim that the testatrix devised what Boone Tabor would otherwise have received by descent, but for his exclusion, to her brothers and sisters. She cut him off, and left her estate to be divided according to the laws of descent, except as to the appellee, Thomas McIntire, who does not take a vested right absolutely either to two-elevenths or one-sixth of the estate.

The language of the testatrix clearly indicates the purpose to reduce his portion below what he would have inherited from her.

She, in legal effect, says he shall not have any of her property except enough to clothe and keep him from suffering, and that she directs to be dispensed to him through a trustee.

This provision for him is a charge upon one-sixth of her estate, and as her will in regard to him may be carried out before one-sixth of her estate shall be consumed in the performance of the trust, it is evident he does not take a share absolutely.

The trustee should be put in possession of one-sixth of the estate, and he should, in view of the amount, and the habits of his *cestui que trust*, prudently invest it, and expend a sum, first using the interest, sufficient to furnish him annually with clothing, food, and shelter, and should the interest be insufficient, the whole of the principal, if necessary, may be taken, not invading it, however, except as his annual necessities demand it.

Wherefore, the judgment is affirmed as to Boone Tabor, and reversed as to Richard Tabor, with directions to render judgment in conformity to the principles of this opinion.