**Thomas Dailey et al., Appellees, v. Elmer Dailey et al., Appellees. Lillie A. Vanstone et al., Appellants.**

### Gen. No. 6,921.

1. WILLS—*right of court to infer unexpressed purpose on part of testator.* In construing a will, the intention of the testator is to be sought from the language he has used in the will and the court is not at liberty to infer that some purpose existed in his mind which he did not express.

2. WILLS—*when testator cannot disinherit heir at law.* A testator cannot, by his will, disinherit an heir at law unless he gives his estate to some one else.

3. WILLS—*when holding of partial intestacy required.* However reluctant courts may be to hold that a portion of the property of a testator shall be regarded as intestate property, they cannot do otherwise if there is nothing to show an intention on the part of the testator to dispose of the property.

4. WILLS—*when partial intestacy exists.* Where the testatrix, by the residuary clause of her will provided that the residuary property be divided one-third to each of two daughters and one-third to the children of a son and, by a codicil, revoked the bequests as

to the two daughters without making any other disposition of their shares, such shares must be regarded as intestate property and go to the heirs at law, such two-thirds to be divided, one-third to each of said daughters and one-third to the son, they being the only heirs at law.

5. WILLS—*what solicitors' fees properly charged against estate on construction of will.* Where a will is in such ambiguous terms as to require a construction by the courts, the fees of the solicitors for the various interested parties who are necessary to a decision are properly charged against the estate regardless of whether a particular party is successful or defeated in the litigation.

6. APPEAL AND ERROR—*effect of cross errors as to allowance of solicitors' fees on construction of will.* Although the only assignments of errors upon the question of the allowance of solicitors' fees on the construction of a will are cross errors by the defeated parties, such cross errors open the whole question of the allowance of solicitors' fees as to all the parties.

7. WILLS—*when allowances for solicitors' fees on construction of will are excessive.* Where the net estate involved in a will contest was $46,400 and the suit involved no contested questions of fact, the only question litigated being the legal meaning of the words used by the testatrix tested by established rules of law, an allowance of $1,500 as solicitors' fees to each of the four parties was excessive and each allowance should be reduced one-third and made to cover all services including the appeal up to and including the final decree.

Appeal from the Circuit Court of Ogle county; the Hon. HARRY EDWARDS, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded with directions. Opinion filed February 23, 1922. Rehearing granted and opinion refiled November 8, 1921. *Certiorari* denied by Supreme Court (making opinion final).

GARDNER & GARDNER, for appellants.

FRANK M. RYAN, SOLON W. CROWELL, W. J. EMERSON and HENRY A. SMITH, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On May 8, 1919, Catherine E. Dailey died, leaving a last will and testament which was duly admitted to probate in the county court of Ogle county. The first

paragraph of her will directed the payment of debts. The second paragraph gave her daughter Dora Vanstone, $500, and made it a charge upon the real estate or the proceeds thereof in case of sale. The third paragraph provided for the care of a cemetery lot. The fourth paragraph was as follows:

"Fourth. All the rest, residue and remainder of my estate, real, personal or mixed, I give, devise and bequeath to my daughters Lillie A. Vanstone, Dora Vanstone, and to the children of my son, Hamlin T. Dailey, to-wit: William Dailey, Thomas Dailey, Elmer Dailey and Walter E. Dailey; said Lillie A. Vanstone and Dora Vanstone, each taking an undivided one-third interest therein, and the remaining undivided one-third interest being taken by said children of Hamlin T. Dailey, share and share alike; the children or child or any of said parties that may be deceased taking the place of the parent. In case any of said children of Hamlin T. Dailey should die, prior to my decease, without issue, then in such case such share of such one or ones so dying, shall go to the remaining children of said Hamlin T. Dailey."

The last paragraph appointed an executor and directed him to sell the real estate within one year after her decease, and divide the proceeds as set forth in the will. This will was made April 18, 1914. On March 3, 1919, she executed a codicil, the body of which was as follows:

"I, Catherine E. Dailey, widow, formerly of the Village of Creston, now of the City of Rochelle, County of Ogle, and State of Illinois, having heretofore made and published my last will and testament bearing date the 18th day of April, A. D. 1914, now change and alter the terms and provisions of my said last will and testament in the following particulars, that is to say:

"In Article 'Second' of said last will and testament, I hereby expressly revoke the gift and bequest of the sum of Five Hundred Dollars ($500) to my daughter, Dora Vanstone, I now give and bequeath to said Dora Vanstone the total sum of Fifty Dollars ($50).

"In Article 'Fourth' of said last will and testament I hereby expressly revoke, the gifts, devises and bequests in the rest, residue and remainder of my estate therein made to my daughters, Lillie A. Vanstone and Dora Vanstone. I now give and bequeath to said Lillie A. Vanstone the total sum of Fifty Dollars ($50)."

Hamlin T. Dailey and one of his adult sons filed an amended bill in the court below for the construction of said will. All proper parties were made defendants, including two minor sons of Hamlin T. Dailey, for whom a guardian *ad litem* was appointed. All defendants answered and the executor filed a cross-bill in which he sought a construction of the will and also to quiet the title to the real estate. The cause was tried and there was a decree. It was stipulated that all the pleadings, evidence and decree relating to the quieting of title should be omitted from the record on this appeal and the appeal only questions the construction of the will. The court below held that the children of Hamlin T. Dailey took the entire residuum of the estate. Dora Vanstone and Lillie A. Vanstone appeal and claim that two-thirds of the residuum is intestate property and goes equally to the three children, Dora Vanstone, Lillie A. Vanstone and Hamlin T. Dailey, and that is the main question in the case.

In construing a will the intention of the testator is to be sought from the language he has used in the will, and the court is not at liberty to infer that some purpose existed in his mind which he did not express. *Bond v. Moore*, 236 Ill. 576; *Randolph v. Wilkerson*, 294 Ill. 508. In the latter case the court said, on p. 516: "We are not permitted to seek for the intention of the testator outside of the express provisions of his will or to add words to his will that will express an intention that he himself has not expressed." In *Illinois Land & Loan Co. v. Bonner*, 75 Ill. 315, on p. 327, the court quoted with approval from Redfield on Wills, as follows: "The plain and unambigu-

ous words of the will must prevail and are not to be controlled or qualified by any conjectural or doubtful constructions, growing out of the situation, circumstances or conditions, either of the testator, his property or family''; and also from Roper on Legacies, as follows: ''Where the testator, in the disposition of his property, overlooks a particular event, which, had it occurred to him, he would in all probability have provided against, the court will not rectify the omission by implying or inserting the necessary clause; conceiving it would be too much like making a will for the testator, rather than construing that already made.'' In *Wixon v. Watson*, 214 Ill. 158, the court said: ''While it is true that the presumption is always against intestacy, either in whole or in part, where a party has attempted to dispose of his or her estate by will, this is only a presumption and cannot be permitted to overcome the expressed language of the will. Where a testator or testatrix has failed to dispose of a part of his or her property but leaves the same as intestate estate, courts have no power to place upon the will a construction not justified by the language used.'' In *Schmidt v. Schmidt*, 292 Ill. 275, on pp. 281 and 282, the court surmises various provisions which might have been intended by the testator, and then says: ''We may not guess the intention which the testator would have expressed if he had expressed his desire. Unless we can find the intention written in the will we cannot give it effect.'' Applying these principles in *Randolph v. Wilkinson, supra,* the court on p. 516 said: ''We are not permitted to seek for the intention of the testator outside of the expressed provisions of his will or to add words to his will that will express an intention that he himself has not expressed.'' A testator cannot disinherit an heir at law by his will unless he gives his estate to some one else. In *Lawrence v. Smith,* 163 Ill. 149, the testator expressly stated in the will that

his son, Fred, should have nothing whatever from his estate because he was serving a sentence for murder. But it was determined that most of the estate must pass to the heirs at law by statute, and that therefore the son, Fred, would inherit with the other heirs. In *Parsons v. Millar,* 189 Ill. 107, the will plainly excluded five children from all interest in the estate, except what he gave them in certain paragraphs. But part of his estate passed as intestate property and it was held that these five children shared therein with the other heirs. See also *Belleville Sav. Bank v. Aneshaensel,* 298 Ill. 292.

Applying these principles, we are of the opinion that the present case comes within the authority of *Minkler v. Simons,* 172 Ill. 323. In that case the original will directed that the real estate be sold after the death of the wife. and the proceeds divided between three children, share and share alike. By a codicil he revoked that will, so far as one of said three children, Thomas, was concerned, and provided that on a final settlement Thomas should be paid $1,200. The codicil made no provision for the other one-third of the estate, which had previously been devised to Thomas. The court said:

"No doubt the fact that the testator made no provision for the disposition of that one-third was an oversight of the person who drafted the codicil, but the court has no power to remedy the difficulty.

"The question then to be determined is, what becomes of the one-third devised originally to the testator's son, Thomas? The will and codicil make no provision whatever for its distribution. Neither the will nor the codicil contains a single word on the subject. There is, therefore, nothing to warrant a presumption of an intention on the part of the testator to make a disposition of the revoked share of the estate, except as to the sum of $1,200. However reluctant courts may be to hold that a portion of the property of a testator shall be regarded as intestate property, they cannot do otherwise where, as in this

case, there is nothing to show an intention on the part of the testator to dispose of the property. Where a testator devises to three of his children property as tenants in common, and subsequently revokes the devise as to one, and makes no disposition whatever of the share revoked, such share will not go to the other two, but it will descend as provided in the Statute of Descent. (*Ramsey v. Shelmerdine,* L. R. 1 Eq. 129; *Cummings v. Bramhall,* 120 Mass. 552; *Creswill v. Cheslyn,* 2 Edw. 123; *Mason's Ex'rs v. Trustees Methodist Church* [27 N. J. Eq.], 12 C. E. Green 47; *Floyd v. Barker,* 1 Paige 480.) It will be remembered that the testator, in the codicil, did not attempt to change or modify, in any manner whatever, the bequests made to the two daughters, Susanna Simons and Florence Minkler. They, therefore, each take one-third of the proceeds of the real estate after deducting the expenses, as declared in the fourth clause of the will. As to the other one-third, $1,200 of that is devised to Thomas E. Minkler, and the remainder, whatever it may be, is intestate property, and will descend to the three children of the testator, each taking one-third thereof.'' *Magnuson v. Magnuson,* 197 Ill. 496. In the case at bar the testatrix by the fourth clause of her original will divided the residuum into three equal parts and gave one part to Lillie A. Vanstone, one part to Dora Vanstone and one part to the children of Hamlin T. Dailey. The effect of the codicil was to revoke the gift of one-third of the residue to Lillie A. Vanstone and one-third to Dora Vanstone, and it made no provision to whom said two-thirds of the residue should be paid. It contained no words indicating that said two-thirds was to be paid to the children of Hamlin T. Dailey. It contained no words enlarging the interest which those children should take in the residue. The decree of the court below in effect changes the will so that the whole of the residue goes to the children of Hamlin T. Dailey, whereas the testator gave them one-third of the residue only and made no pro-

vision for the disposition of the other two-thirds. We have examined the cases relied upon by appellees to produce a different result, and are of opinion that in each of those cases the will used language which distinguishes it from this case. In our opinion, therefore, said two-thirds of the residue is intestate and must go to the heirs at law, Dora Vanstone taking one-third, Lillie A. Vanstone one-third, and Hamlin T. Dailey the remaining one-third, unless some deed, to which he was a party, alluded to in the record, makes some change as to that third, which question has not been argued and will no doubt be properly adjusted in the court below.

The court below allowed solicitors' fees to be taxed as costs and paid out of the estate. It allowed $1,500 to be paid the solicitor for the complainants; $1,500 to be paid the solicitor for the guardian *ad litem* for the minor defendants; $1,500 to be paid the solicitors for the executor; and $1,500 to be paid the solicitors for defendants, Dora Vanstone and Lillie A. Vanstone. In *Woman's Union Missionary Society v. Mead*, 131 Ill. 338, on p. 375, it was held: "As a general rule, if a testator has expressed his intention so ambiguously as to create a difficulty, which makes it necessary to come into the court of chancery to give a construction of the will or to remove the difficulty, the costs of the litigation must be borne by the estate." That rule was there applied to the solicitors' fees. To the same effect is *Ingraham v. Ingraham*, 169 Ill. 432, and *Hitchcock v. Board of Home Missions*, 259 Ill. 288. In the latter case, solicitors' fees were allowed to a party who was entirely defeated by the construction of the will there adopted. It is clear that the allowance is not to be made merely to the successful solicitors but to the solicitors of all who were either necessary or proper parties to the determination of the question what was the true construction of the will. This case was a proper one in which

to allow solicitors' fees to each of the parties, inasmuch as they were all parties necessary to the decision of the true construction of the will. In our original opinion in this case we held the allowance excessive and made certain deductions and changes and afterwards modified them and in so doing did not correctly state that which we intended, and we therefore of our own motion granted a rehearing as to solicitors' fees only, and gave leave to the parties to file suggestions on that subject within a limited time and such suggestions were filed. The only assignment of errors on the record on this subject were cross errors assigned by Hamlin T. Dailey and his adult sons, and said assignments only questioned the allowance to the solicitors for the executor and to the solicitors for Dora Vanstone and Lillie A. Vanstone, and it is insisted that there are no assignments which permit us to consider the allowances to the other parties. In other words, the attack is only upon solicitors' fees to the parties whose construction of the will has been sustained in this court. What is claimed is that we should allow solicitors' fees to the defeated parties only. The principle we deduce from the cases is that such solicitors' fees should be allowed to all who are necessary or proper parties to the judicial construction of the will, whether their interests are promoted or defeated by the result. We see no reason why the solicitors whose arguments are held unsound shall be paid by the estate while those whose arguments have aided the court to the true result shall not be paid by the estate. We conclude that the assignment of cross errors opens the whole question of the allowance of solicitors' fees. Any application of the rule which would defeat the allowance to the successful parties must necessarily defeat the allowance to the unsuccessful parties.

The main part of the estate was a farm which sold for $46,400. The debts and the costs of administra-

tion are not shown. We therefore assume that the net estate was $46,400. This bill involved no contested question of fact. The only question litigated was the legal meaning of the words used by the testator, tested by established rules of law. We are of opinion that the allowance made by the lower court was excessive for the services rendered. We conclude that each allowance made by the court below should be reduced one-third and that such allowance should be made to cover services in this court and in the court below up to and including the final decree.

This opinion as modified will be refiled. The decree of the court below is reversed and the cause is remanded with directions to enter a decree in conformity with this opinion.

*Reversed and remanded with directions.*