AMBROSE B. POWERS *vs.* JOHN EDWARD POWERS *et al.*

JULY 8, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a bill in equity for the construction of a will. When the cause was ready for hearing for final decree it was certified by the superior court to this court for determination under the provisions of general laws 1938, chapter 545, §7.

The bill is brought by the administrator with the will annexed of the estate of Mary A. Powers. The respondents are John Edward Powers and Daniel J. Powers, apparently her sole heirs at law and next of kin. The superior court appointed a guardian *ad litem* for John Edward Powers whose address is unknown and who was served by publication under an order of the court. A guardian *ad litem* for persons not in being and for unascertained and contingent interests and likewise an attorney to represent respondents who may be in the military service of the United States were also appointed. Answers were duly filed by or on behalf of all

such parties in interest and evidence of material facts was presented in the superior court.

It appears that the testatrix Mary A. Powers died December 5, 1946 leaving a last will and testament which was executed September 10, 1924 and was admitted to probate by the probate court of the town of West Warwick January 15, 1947. The will contains the following pertinent provisions: "To John Edward Powers and Ellen Mary Powers children of my brother Edward Powers, Deceased I will and give them nothing. I give and bequeath to my brother John F. Powers the balance of what ever is left of all of my Personal Property of every kind and nature. I give and devise to my brother John F. Powers all of my Real Property or Real Estate."

The evidence shows that the testatrix had three brothers but no sisters and that she was unmarried and without issue. She was survived by her brother Daniel J. Powers, who is the father of the complainant. Her brother Edward Powers predeceased her, as did his daughter Ellen Mary Powers who left no issue. However, his other child, John Edward Powers, a nephew of the testatrix, apparently was living at the time of her death and is now alive although his address is not known. Her other brother John F. Powers, who was named residuary devisee and legatee and executor in her will, also predeceased her in 1942. He had never married and had no issue. The estate of the testatrix consists entirely of bank accounts.

The following questions are submitted in the bill of complaint: "1. To what part of the residue estate of the testatrix is said John Edward Powers entitled? 2. To what part of the residue estate of the testatrix is said Daniel J. Powers entitled?"

It is apparent that the above questions relate more to the disposition of the estate of the testatrix than they do to a construction of the clear and unambiguous language of the will itself. It is obvious that it was the plain intent of the testatrix that her nephew John Edward Powers

should receive none of her property and that the residue of her estate of whatever nature should go to her brother John F. Powers. However, changed circumstances in connection with the relatives of the testatrix brought about a situation which at the time of her death caused the greater part of her will to become inoperative and prevented the carrying out of her intent as expressed therein, her brother John F. Powers, the residuary legatee, having previously died. Nevertheless she executed no other will after his death but permitted her will of 1924 to remain in effect. No alternate residuary legatee was named in that will and, as stated, John F. Powers died unmarried and without issue. Therefore the provisions of G. L. 1938, chap. 566, §7, which seek to avoid in certain circumstances intestacy under a residuary clause, do not apply and the gift of the residue as set out in the testatrix' will lapsed. Such residue ordinarily would pass by operation of law as intestate property under our statute of descent and distribution. G. L. 1938, chap. 567, as amended. See also *Slattery* v. *Ward,* 45 R. I. 54.

However, it is argued on behalf of the respondent Daniel J. Powers, the testatrix' surviving brother, that her clearly stated intent, as expressed in her will, that her nephew John Edward Powers should receive none of her estate ought to be given recognition and should operate to exclude the latter from taking any of her property in the circumstances appearing herein. In our opinion the above argument is not sound. If Daniel J. Powers and John Edward Powers, her only surviving heirs at law and next of kin, were claiming the residue of the estate under her will there might be merit in the contention. However, neither are making claim to it in that way but are seeking to receive the residue as intestate property outside the will and solely by operation of law under the statute of descent and distribution because of the lapsed gift of the residue.

Broadly speaking, it is well settled that a testator can disinherit an heir only by actually giving the property in

question to another. Mere words of exclusion are not sufficient to cause such disinheritance. 1 Jarman on Wills (6th ed.) 335. *Pickering* v. *Lord Stamford,* 3 Ves. 492. See also *Matter of Trumble,* 199 N. Y. 454, 465, where the court held: "It is a settled principle of law that the legal rights of the heir or distributee to the property of deceased persons, cannot be defeated except by a valid devise of such property to other persons. * * * It was not sufficient to deprive an heir at law or distributee of what comes to him by operation of law, as property not effectually disposed of by will, that the testator should have signified his intention by his will that his heir or distributee should not inherit any part of his estate." In Thompson on Wills (3d ed.) 787, §562, the following statement is made: "To effectively disinherit an heir or next of kin a valid disposition of the testator's entire estate must be made by the will, for if he should die intestate as to any portion thereof such portion would pass to his heirs or next of kin under the laws of intestate succession, regardless of a provision in the will excluding them from participation in a division of the property. An heir at law who has been disinherited by a will is not prevented from sharing in the testator's property in case a legacy or devise has failed by lapse."

The respondent Daniel J. Powers has called to our attention two cases as supporting his position that even though there is an intestacy here respecting the residuary clause of the testatrix' will, nevertheless her intent regarding John E. Powers should be given effect. *Tabor* v. *McIntire,* 79 Ky. 505; *LaMere* v. *Jackson,* 288 *Mich.* 99. Although those cases are noticeably different in their facts from the instant cause they do in substance give support to the above-stated position taken by said respondent. However, no authority is cited by the court in the *Tabor* case and it is our opinion that both cases are contrary to the great weight of authority on the point in issue. We therefore decline to adopt the views they express.

Upon consideration we find that in the circumstances

shown here the residue of the testatrix' estate passes to her heirs not under her will but by operation of law under the statute of descent and distribution as intestate property, her gift of the residue of her estate having lapsed. On the assumption that John Edward Powers is living, he and the testatrix' brother Daniel J. Powers would thus be entitled to have such residue divided equally between them. The questions submitted in the bill of complaint are answered by the above holding.

The parties may present for our approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*James O. McManus, Earl E. Bushman, Jr.,* for complainant.

*Edward F. McElroy,* for respondent Daniel J. Powers.

*James E. Taft,* guardian *ad litem* for John Edward Powers.

*Joseph W. Grimes,* guardian *ad litem* for persons in military service and for unascertained persons.