Charles E. Hinckley, et al., Appellees, v. Grenville Beardsley, as Attorney General of the State of Illinois, Appellant. Knox College, a Corporation, and Galesburg Cottage Hospital, a Not-For-Profit Illinois Corporation, Intervenors-Appellees.

Gen. No. 11,432.

Second District, Second Division.

January 16, 1961.

Grenville Beardsley (Deceased), William L. Guild, Attorney General of the State of Illinois, and Raymond S. Sarnow, Assistant Attorney General, for appellant.

Stuart, Neagle & West, and McLaughlin & McLaughlin, of Galesburg, for appellees.

WRIGHT, J.

This is an appeal by the Attorney General of the State of Illinois from two orders of the Circuit Court of Knox County, Illinois, entered on October 18, 1960, allowing attorney fees and expenses to counsel for Galesburg Cottage Hospital and Knox College, charitable corporations, each of which corporations unsuccessfully sought distribution of trust properties or funds under the cy pres doctrine in this case. These fees and expenses were taxed as part of the cost of this proceeding and ordered paid out of the trust property subject to administration.

On March 17, 1955, the plaintiffs filed a complaint in the Circuit Court of Knox County to construe the Will of Pluma E. Hinckley, deceased, and for other relief. The complaint alleged, inter alia, that by Paragraph Eleven of her Will the decedent expressed her "intention and desire to establish a home for worthy women who need a home" and, therefore, devised and bequeathed to her trustees and their successors certain real estate described in the Will to be used for that purpose.

The complaint further alleged that it was impractical and inexpedient that said real estate be applied to the particular purpose of establishing a home for worthy women who need a home or that any funds be applied for the purpose of maintaining such a home thereon.

Plaintiffs sought relief as follows: (1) For the appointment of receiver to manage and control the real estate in question; (2) To determine the rights and interests of the several parties to the action; and (3) To construe the last Will of Pluma E. Hinckley, deceased, by finding it impossible, impractical and inexpedient that said real estate be applied for the purpose of establishing a home for worthy women in accordance with the Eleventh Paragraph of the Will, and further finding that it would be useless to establish and maintain the home for worthy women contemplated by the decedent in her last Will, and further finding that for these reasons the trust attempted to be established under the last Will of said decedent failed and that there were no other similar charities or homes situated in or near the City of Galesburg, Knox County, Illinois, for which the trust might be used, and further praying that the trust be declared to be intestate property and distributed to the heirs at law of said decedent.

Plaintiffs in the alternative prayed that three trustees be appointed and the court give them directions

381

with reference to establishing and maintaining a home for worthy women under the provisions of the Eleventh Clause of the last Will of Pluma E. Hinckley, deceased. Plaintiffs also prayed that the cost of the proceedings, including reasonable attorney fees for the plaintiffs, be ordered paid out of the principal of the property, subject to the terms of the Will of Pluma E. Hinckley, deceased.

The original defendants to the suit were Latham Castle, then the Attorney General of the State of Illinois, the Kirksville College of Osteopathy and Surgery, the Glenwood School for Boys, Knox College, certain individuals and unknown owners. None of the original defendants to this action claimed any interest with respect to the devise of real estate for a home for worthy women with the exception of Knox College, an educational institution situated in Galesburg, Illinois, which claimed the real estate or proceeds of sale by way of a counter-claim based upon the application of the doctrine of cy pres, or in the alternative, as a legatee of the interest of Ada Hinckley Chapman, one of the heirs of Pluma E. Hinckley, deceased.

The Galesburg Cottage Hospital, an Illinois not-for-profit corporation, situated in Galesburg, Illinois, filed in the trial court a Petition for Leave to intervene. The petition was granted, Galesburg Cottage Hospital was thereby made a party defendant and by their intervening petition prayed that the real estate in question or the proceeds thereof be awarded to it for a home for worthy women under the doctrine of cy pres. The "Illinois P. E. O. Home," an Illinois not-for-profit corporation, was also made a party defendant.

By a decree not appealed from or questioned in any way in this appeal, the trial court awarded proceeds of a sale of the decedent's real estate devised for a home for worthy women to the Illinois P. E. O. Home, an Illinois not-for-profit corporation.

The orders appealed from allowed the sum of $2,400.-00 as fees and $25.00 as expenses to the attorneys for the Galesburg Cottage Hospital and $1,955.00 as fees and $20.00 as expenses to the attorneys for Knox College notwithstanding that neither of these parties instituted the suit nor prevailed therein.

It is the contention of the Attorney General, as Ex-officio Representative of the State of Illinois in all charitable trust matters, that the trial court erred in allowing attorney fees to counsel for the two charitable corporations who unsuccessfully sought the trust properties or funds under the cy pres doctrine.

It is the position of the appellee, Galesburg Cottage Hospital, that it had an interest in the trust property as a charitable institution with purposes similar to those set forth in the Eleventh Paragraph of the Will of decedent sufficient to permit it to seek the trust property under the doctrine of cy pres, and that it is entitled to have its attorney fees allowed and ordered paid out of the trust property even though it did not prevail in the litigation and was not awarded the trust fund or any part thereof.

In support of this contention the appellee, Galesburg Cottage Hospital relies strongly upon the decisions of our reviewing courts in the following cases: Woman's Union Missionary Society of America v. Mead, 131 Ill. 338, 23 N. E. 603; Dean v. Northern Trust Company, 266 Ill. 205, 107 N. E. 186; Hitchcock v. Board of Home Missions of Presbyterian Church, 259 Ill. 288, 102 N. E. 741; Ingraham v. Ingraham, 169 Ill. 432, 48 N. E. 561; Barnhart v. Barnhart, 415 Ill. 303, 114 N.E.2d 378, and Dailey v. Dailey, 224 Ill. App. 17.

We have examined these cases with considerable care and we do not believe that they are decisive of the proposition contended for, by appellee Galesburg Cottage Hospital. These cases involved wills where the language used in the wills was so ambiguous as to justify an application to the courts for their proper con-

383

struction to determine the intent of the testator. While the case at bar is designated as a complaint to construe the Will of Pluma E. Hinckley, deceased, it is not in fact a complaint for the construction of the Will to determine what the intent of the testator was with reference to establishing a home for worthy women.

There is no question that by Paragraph Eleven of the Will, the deceased devised and bequeathed to trustees in trust certain real estate for the establishment of a home for worthy women, and she further provided that the home should be known as "Pluma Hinckley Home." The Will clearly expresses the intention of Pluma E. Hinckley to establish and have maintained a home for worthy women.

The question presented to the court in this case was not to determine the intention of the testator but to determine how the intention of the testator could be carried out.

■ Trust funds should be carefully guarded and protected to the end that the charitable intent of the testator will be carried out and the trust property not depleted by being used for purposes not intended by the testator. It is easy to foresee that trust funds or property left for charitable purposes may be completely depleted by the payment of attorney fees if charitable institutions are permitted to voluntarily intervene in cy pres cases and have their attorney fees allowed and paid out of the corpus of the charitable trust estate even though they are not successful in the litigation.

■ The rule seems to be well settled that where a testator has expressed his intention in his Will so ambiguously that it becomes necessary for the executor, trustee or a beneficiary to institute a suit in chancery for construction of the Will, that the reasonable attorney fees for complainant and all necessary parties to the true construction of the Will should be allowed

regardless of who prevails in the case, because by bringing the suit he has benefited the estate. Ingraham v. Ingraham, supra., and Dailey v. Dailey, supra.

However, we know of no authority in this state and have been cited none which authorizes the payment of attorney fees and expenses to an unsuccessful voluntary intervenor claiming trust funds under the cy pres doctrine.

The Galesburg Cottage Hospital was in no way mentioned or named in the Will of Pluma E. Hinckley; it had no direct interest in the litigation as a matter of right and was not made a party defendant until given leave to intervene. The hospital on its own volition voluntarily sought and was granted leave to intervene in this litigation and did not prevail in its contention to have the trust property turned over to it under the doctrine of cy pres.

We believe it more equitable in such case that the unsuccessful intervenor should bear its own legal fees and expenses rather than having them allowed and paid from the corpus of the trust. If attorney fees and expenses are allowed and ordered paid to unsuccessful voluntary intervenors in this type of case, it is conceivable that the trust fund could be completely depleted for purposes not intended by the testator and the charitable intent of the testator defeated.

■ We, therefore, hold that when a charitable institution voluntarily intervenes in this type of case, it does so at its own peril and should not be allowed attorney fees and expenses payable out of the trust when it does not prevail in its effort to obtain the trust property or some part thereof. For the reasons stated, we conclude that the trial court erred in entering its order allowing attorney fees for Galesburg Cottage Hospital.

The situation of Knox College in the present case is entirely different from that of the hospital. Knox College was named as a residuary legatee and devisee in

the Will and is one of the original defendants named in the complaint. The hospital was not named in the Will or made a party defendant until given leave to intervene.

In regard to Knox College, the Will provided, in part, in Paragraph Fifteen, the following:

> "All the rest, residue and remainder of the property, both real and personal, of every nature and kind and wheresoever situated that I may own at the time of my death, including any lapsed bequest or devise, I hereby give, devise and bequeath as follows: . . . .
>
> "(c) One-fourth thereof to Knox College at Galesburg, Illinois."

Knox College, in its answer alleged that the Eleventh Paragraph of the Will which provided for the establishment of a home for worthy women who need a home was a "charitable bequest and the court should under the doctrine of cy pres, carry out the charitable intention of the testator and cy pres the Administration of the Trust established under the Eleventh Paragraph of the Will of Pluma E. Hinckley, Deceased." With its answer, Knox College filed a counter-claim alleging that the court should order the cy pres Administration of the Trust established by the Eleventh Paragraph of the Will and further alleged that Knox College was in a position to furnish a home for deserving women attending its college. Paragraph Five of the counter-claim of Knox College states:

> "That the Pluma E. Hinckley Home for Women would make it possible to bring these plans into actuality, thus aiding self-reliant women to help themselves through College. It would enrich their educational careers by the experience of working together in the solution of common living problems. It would carry out the intention of Pluma

E. Hinckley as declared in the Eleventh Paragraph of her Will, and establish a Home for Worthy women who need a Home."

■ Knox College did not voluntarily intervene in this cause, but on the contrary, was named in the Will and was made a party defendant by plaintiffs in the complaint to construe the Will. Under such circumstances Knox College was justified in its counter-claim praying cy pres administration of the trust and demonstrating to the court its ability and desire to execute and accomplish the intent of the testator to establish a home for worthy women. Although Knox College was not successful in its efforts to obtain the trust property for itself, nevertheless, it did have an interest in the trust property, sufficient to warrant its counter-claim alleging cy pres administration of the trust. We are, therefore, of the opinion that the trial court properly allowed attorney fees and expenses to Knox College notwithstanding it did not prevail in this case. Dailey v. Dailey, supra, and Hitchcock v. Board of Home Missions, supra.

For the reasons herein stated, the decree of the Circuit Court of Knox County allowing Galesburg Cottage Hospital $2,400.00 as attorney fees and $25.00 expenses is reversed. The decree allowing Knox College $1,955.-00 as attorney fees and $20.00 expenses is affirmed.

Decree reversed in part and affirmed in part.

CROW, P. J. and SPIVEY, J., concur.