Joe A. ADAMS et al., Appellants,

v.

Wilmer D. MASTERSON, Independent Executor of Herbert Patrick Nettleton, Deceased et al., Appellees.

No. 16910.

Court of Civil Appeals of Texas.

Dallas.

April 28, 1967.

Rehearing Denied May 19, 1967.

Patrick E. Higginbotham of Coke & Coke, Dallas, for appellants.

Wilmer D. Masterson of First National Bank Bldg. Kilgore & Kilgore, Dallas, for appellees.

BATEMAN, Justice.

In this suit for declaratory judgment construing a will and codicil, the sole question to be resolved is: Does the revocation of gifts of one-half of the residuary estate increase the remaining gifts from a half to the whole, or does the one-half of the residuary estate, covered by the revoked gifts, pass by intestacy to the heirs at law? The independent executor of the will brought suit for instructions, and filed a motion for summary judgment, which was granted.

The appellants are two of the heirs at law, each being entitled to one-twelfth of

such part of the residuary estate as may be held to pass by intestacy, but entitled to nothing under the will. They appeal from that portion of the judgment which decreed that an undivided one-half of the residue did not pass by intestacy, but went to the remaining residuary legatees.

After reciting several special bequests, the will contained a residuary clause the pertinent parts of which are:

"THIRD: RESIDUARY ESTATE. I give, devise and bequeath my entire residuary estate * * * to the following named persons in the proportions set opposite the name of each if they are living at the time of my death, otherwise, the share of each such person to vest in such person's heirs, or, if such person has died leaving a will, such share to vest in such person's devisees and legatees under such will just as if the bequests made herein were a part of such person's estate at the time of his death."

Then followed the names of five individuals. Opposite each of the first two names was the fraction "¼," and opposite each of the last three names was the fraction "⅙." In a subsequent codicil to the will the testator revoked the two gifts of one-fourth each, but made no specific disposition of the half of the residuary estate covered thereby.

Most of the cases cited by appellees merely set forth well recognized rules of construction, including the rules that the making of a will gives rise to the presumption that the testator did not intend to die intestate as to any part of his estate, and that if the will is open to two reasonable constructions, one resulting in intestacy and the other leading to a valid testamentary disposition, the construction that prevents intestacy is favored and will be adopted by the court. 61 Tex.Jur.2d, Wills, § 136, p. 256; Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163; Kuehn v.

Bremer, Tex.Civ.App., 132 S.W.2d 295, wr. ref.

■ But there is no room for construction here. The will and the codicil are unambiguous. The trial court was persuaded to increase the share given to each of the appellee-beneficiaries from one-sixth to one-third because of a supposed intention of the testator that this be done. However, the testator expressed no such intention, and it is our view that rules of construction may not be employed by the courts to make a disposition which is not included in the will, for "this would amount to ascertaining the testator's intention from what he failed to say rather than from what he did say." 61 Tex.Jur.2d, Wills, § 129, p. 251; Wolkewitz v. Wood, Tex.Civ.App., 216 S.W.2d 611, wr. ref. n. r. e.; Brooking v. McCutchen, Tex.Civ.App., 135 S.W.2d 197, no wr. hist.; Atwood v. Kleberg (5th Cir.), 163 F.2d 108, 114, cert. den. 332 U.S. 843, 68 S.Ct. 267, 92 L.Ed. 414; Dailey v. Dailey, 224 Ill.App. 17, cert. den.

■■ A testator may leave his property to whomever he chooses, wholly without regard to the laws of descent and distribution *; but he cannot *repeal* those laws. The only way he can avoid the effect thereof and disinherit an heir is by actually giving the property in question to another. Powers v. Powers, 75 R.I. 461, 67 A.2d 837, 839. Appellants' rights under the laws of descent and distribution cannot be taken from them by supposing that the testator had an intent to do so but which he did not declare, expressly or by implication.

That part of the judgment appealed from which directs the executor to distribute six certain special bequests is affirmed, but that part which directs the distribution of the entire residuary estate to Mrs. Sarah N. Powell, Douglas Nettleton, Jr. and Mrs. Dorothy Masterson, in the proportions of one-third each, is reversed and here rendered directing the executor to distribute

* §§ 37–47, Probate Code of Texas, V.A.T.S.

such residuary estate, one-half to the heirs at law of Herbert Patrick Nettleton, one-sixth to Mrs. Sarah N. Powell, one-sixth to Douglas Nettleton, Jr., and one-sixth to Mrs. Dorothy Masterson. All costs are taxed against the appellees.

Affirmed in part and reversed and rendered in part.