Continental Illinois National Bank and Trust Company, etc., Plaintiff-Appellee, v. Mary Isabelle Llewellyn, et al., Defendants-Appellees, and Richard Kadish, et al., Fidelity-Philadelphia Trust Co., as Trustee, etc., et al., Defendants-Appellants.

Gen. No. 50,497.

First District, Second Division.

July 28, 1967.

1

Sidley, Austin, Burgess & Smith, of Chicago (Henry A. Preston, of counsel), for appellants, Richard Kadish, et al.

Thomas H. Fisher, of Chicago (Henry A. Preston, of counsel), for appellants, Fidelity-Philadelphia Trust Company and Leonard P. Levy, et al.

Wilson & McIlvaine, of Chicago (William B. McIlvaine and Clarence E. Fox, of counsel), for appellees, Barbara Warner Fentress and Silas Llewellyn Warner.

William B. McIlvaine, of Chicago, guardian ad litem for minor descendants of appellees, Barbara Warner Fentress and Silas Llewellyn Warner.

McDermott, Will and Emery, of Chicago (Hamilton Smith and Frank J. Uvena, of counsel), for appellee, Elizabeth Llewellyn Warner.

2

John S. Miller, of Chicago (Henry H. Elliott, of Washington, D. C., of counsel), for appellee, Irene Eleanor Llewellyn.

Eckhart, McSwain, Hassell & Husum, of Chicago (William A. McSwain and M. A. Palumbo, of counsel), for appellee, Mary Isabelle Llewellyn.

No appearance made in behalf of appellee, Continental Illinois National Bank and Trust Company.

Harry J. Myerson, of Chicago, guardian ad litem for appellee, Charles Callison.

ON REHEARING

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a decree denying attorneys' fees to defendants-appellants, (hereinafter referred to as the assignees), in an action brought to construe a will and to determine the validity of certain assignments executed by one Mary Isabelle Llewellyn, a beneficiary under the will of Silas J. Llewellyn.

Issues pertaining to the construction of the will and the validity of the assignments were disposed of in Continental Illinois Nat. Bank v. Llewellyn, 67 Ill App2d 171, 214 NE2d 471 (1966). The attorneys' fees, for services rendered in determining the above issues, are the subject matter of this appeal.

Silas J. Llewellyn died in 1925. He was survived by a wife, Mary E. Llewellyn, who died in 1933, and by three children:

 (1) Paul P. Llewellyn
 (2) Gertrude Llewellyn Stone
 (3) Elizabeth Llewellyn Warner

3

(1) Paul P. Llewellyn died in 1956 and was survived by his only child, Mary Isabelle Llewellyn. Mary Isabelle was the offspring of Paul's first marriage to Mary Catherine Elphicke, from whom he was divorced in 1924. Paul entered into three other marriages but no children were born to him of any of these three subsequent marriages. Mary Isabelle Llewellyn married Emil Frank in 1936 and was divorced from him the following year. She married Ross H. Callison in 1937 and was divorced from him in 1942. A child, Charles Callison, was born to Mary Isabelle in 1951. The child was placed for adoption and was legally adopted under the laws of the State of Maryland. A guardian ad litem was appointed to represent any interest which Charles Callison might have in the estate of Silas J. Llewellyn.

(2) Gertrude Llewellyn Stone died in 1956 and was survived by her husband. No children were born to Gertrude Stone during her lifetime.

(3) Elizabeth Llewellyn Warner was alive at the time of these hearings and had two children, Barbara Warner Fentress and Silas Warner. Both children are married and have children.

During the years 1941 through 1950, Mary Isabelle Llewellyn executed 14 assignments, to the assignees herein, involving her remainder interests in the Paul P. Llewellyn and in the Gertrude Llewellyn Stone portions of the trust estate.

In March 1956, upon the death of Paul P. Llewellyn, a will construction suit was filed by the trustee of the Silas J. Llewellyn trust, seeking instructions as to how a substantial portion of the estate was to be distributed. Answers were filed by the various parties who claimed an interest in the estate, including the surviving life tenant, her descendants, the representatives of the deceased life tenants, defendant-appellee Mary Isabelle Llewellyn, (the daughter of a deceased life tenant) and

4

her assignees. The pleadings raised numerous questions of construction. These construction issues were:

(a) Whether accrued, but undistributed income, should be distributed to the remainderman or to the estate of a deceased life tenant. Irene Eleanor Llewellyn, the widow and executrix of Paul Llewellyn, a deceased life tenant, and the estate of Gertrude Stone contended that such income was distributable to them.

(b) Whether the trustee had power to make distribution of the trust only in cash, or in cash or in kind. Certain of the assignees contended that the trustee had power to distribute in kind.

(c) Whether the life estates were determinable fees followed by invalid executory devises, with the result that one-third of the estate indefeasibly vested in each of the life tenants and, upon their deaths, passed to their personal representatives. This issue was first raised in the Answer of Irene Eleanor Llewellyn, the widow of Paul Llewellyn, and in the Answer of the estate of Gertrude Stone. This was contested by the surviving life tenant, Elizabeth Warner, and by her descendants, as well as by Mary Isabelle Llewellyn and her assignees. (This was a relatively major issue of construction.)

(d) Whether, under a correct construction of the will, the entire Gertrude Stone share (as against one-half of it) should be held for the benefit of Elizabeth Warner, her children and the guardian ad litem for her descendants. The Warner contentions were opposed by Mary Isabelle Llewellyn, by the assignees of the Gertrude Stone share, (assigned by Mary Isabelle Llewellyn), and by the estate of Gertrude Stone. (This was a major issue of construction.)

(e) Whether the Llewellyn will contained a spendthrift trust provision, express or implied,

5

which would restrict or prevent assignability of the remainders. This issue was raised indirectly by the complaint. In her Answer, Mary Isabelle Llewellyn contended that there was such a spendthrift trust provision. This contention was opposed by her assignees. (This was a relatively major issue of construction.)

On September 18, 1957, the Chancellor entered an interlocutory order which resolved the various construction issues involved as follows:

(a) The order found that accrued but undistributed income from the shares of the deceased life tenants was payable to the respective remaindermen of the corpus shares.

(b) The order made no reference to the power of the trustee to distribute in cash or in kind. [1]

(c) The order rejected the contentions of the estates of the deceased life tenants that the life estates were determinable fees which vested in the life tenants and passed to their estates.

(d) The order rejected the contentions of the Warner family and held that Mary Isabelle Llewellyn was entitled to distribution of one-half of the Gertrude Stone share.

(e) The order provided that the will did not contain a spendthrift trust provision, express or implied, thus rejecting the contentions of Mary Isabelle Llewellyn and sustaining the contentions of her assignees.

The assignees urged that the order should be made final and appealable by inclusion therein of an appropriate certification by the trial judge. The Chancellor re-

---

[1] A later order of 12/23/63 provided that the trustee, in his discretion had the power to distribute in cash or in kind.

6

jected this contention. Shortly after the entry of the interlocutory order, the case was referred to a Master for a determination of the various issues concerning the assignments executed by Mary Isabelle Llewellyn.

On February 26, 1963, the Master made his report, in which he found, that because the assignments were made for a grossly inadequate consideration and because Mary Isabelle Llewellyn was not in a position of equality with the assignees, substantial justice would be done by permitting Mary Isabelle Llewellyn to rescind the assignments and treat them as loans, to be repaid with interest. On December 23, 1963, a decree was entered providing for the approval of the Master's report. On appeal, we affirmed the construction issues as determined by the Chancellor, but reversed the Chancellor's determination as to the assignments, holding that they were valid and enforceable. Continental Illinois Nat. Bank v. Llewellyn, 67 Ill App2d 171, 214 NE2d 471 (1966).

Thereafter, on October 13, 1964, after hearing evidence, the Chancellor rendered his opinion on the matter of fees, the subject of this appeal, as follows:

> (a) On the petition of the attorneys for the estate of Gertrude Stone: allowed $1,015 as prayed for.
>
> (b) On the petition of the attorneys for Irene Eleanor Llewellyn: allowed $9,000 for fees and $286.32 for disbursements, substantially as prayed for.
>
> (c) On the petition and supplemental petition of the attorneys for Elizabeth Warner: allowed $24,000 for fees and $746.00 for disbursements, substantially as prayed for.
>
> (d) On the petition and supplemental petitions of the attorneys for the Warner children and the guardian ad litem for the Warner descendants: allowed $16,500 for fees to be divided ⅔ to the at-

7

torneys and ⅓ to the guardian ad litem, and $3,667.-63 for disbursements, substantially as prayed for.

(e) On the petition and supplemental petition of Harry J. Myerson, guardian ad litem: allowed $12,-000 for fees and $539.07 for disbursements, which, with respect to the fees, was a substantial reduction from those requested. This was on the ground that the guardian would, on his own admission, take nothing except in the event of the death of Mary Isabelle Llewellyn and hence his services were duplicative.

(f) The petitions and supplemental petitions of defendants-appellants Richard Kadish, et al., and Fidelity-Philadelphia Trust Co., et al., were denied, on apparent grounds that the services were duplicative of the services rendered by counsel for Mary Isabelle Llewellyn.

(g) The court ordered the fees and expenses hereinabove set out to be paid out of the Llewellyn trust estate as a whole.

Subsequently, the court entered a decree on November 17, 1964, from which this appeal is taken. That decree formalized the above opinion of October 13, 1964, which the court had rendered, with the addition to the findings that the fee allowances which were made, were, in each case, "fair, customary and reasonable compensation." The assignees have appealed from all portions of that decree, except the portion which allocates the fee allowances against the entire trust estate and the portion relating to expenses allowed under Supreme Court Rule 19–12, concerning expenses in discovery proceedings.

It is assignees' theory of the case that:

1. The Chancellor erred in allowing attorneys' fees and expenses to certain of the parties to a will construction suit, while at the same time disallowing fees to these assignees, even though the interest

8

asserted by these assignees in the disputed portion of the estate was as great, or greater, than that of the parties to whom fees were allowed.

2. The Chancellor erred in allowing attorneys' fees and expenses to certain of the parties to a will construction suit whose contentions as to the construction of the will were rejected by him, while at the same time the Chancellor disallowed fees and expenses to these assignees, whose contentions as to the construction of the will he sustained.

3. The Chancellor erred in allowing attorneys' fees and expenses to certain of the parties in a will construction suit for services that did not relate to the construction issues raised in the case, while at the same time the Chancellor disallowed fees and expenses to these assignees for substantially the same services.

4. The Chancellor erred in refusing to allow to these assignees, who are assignees of a remainder-man in a substantial trust estate, reasonable attorneys' fees and expenses for the services of their attorneys related to sustaining the assignments in numerous hearings before the Master in Chancery and to issues of construction of the will involved in such hearings, as restitution and damages required to do "substantial equity" to these assignees in the event the remainderman should be allowed to rescind the assignments.

It is defendants-appellees' theory of the case that:

1. The court properly disallowed the petitions of the assignees, the defendants-appellants Kadish, et al., for services of their attorneys to enforce private claims against the interest of Mary Isabelle Llewellyn and not for the benefit of the estate.

9

2. The petitions of the assignees, the defendants-appellants Levy, et al., for services of their attorneys to enforce private claims against the interest of Mary Isabelle Llewellyn are not part of the record on review, but, if they are, the court properly disallowed such petitions.

Essentially, the issues to be resolved are:

1. Whether the assignees, defendants-appellants Levy, et al., are properly before this court.
2. Whether the assignees of a beneficial interest can collect attorneys' fees for services rendered in will construction litigation.

This is a case of first impression as to point 2.

██ At the outset we hold that the separate appeals of the assignees, defendants Fidelity-Philadelphia Trust Company, Leonard P. Levy, et al., are properly before the court. It is argued in Mary Isabelle Llewellyn's brief that the two separate appeals of Fidelity-Philadelphia Trust Company, et al., (referred to as the "appeal of Leonard P. Levy, et al.") are not before the court. This was due to the inadvertent failure of the Clerk of the Circuit Court to include said Notices of Appeal and the Praecipe for Record in the Record on Appeal filed herein. This defect has now been cured by motion allowed by this court and said Notices of Appeal and Praecipe are now a part of the record in this court and are abstracted in the Additional Abstract of Record filed herein, and are now properly before this court.

██ We also disagree with the assignees' second contention. In Hinckley v. Beardsley, 28 Ill App2d 379, 171 NE2d 401 (1961), the court said at page 384:

The rule seems to be well settled that where a testator has expressed his intention in his Will so ambiguously that it becomes necessary for the executor, trustee or a beneficiary to institute a suit in

10

chancery for construction of the Will, that the reasonable attorney fees for complainant and all necessary parties to the true construction of the Will should be allowed regardless of who prevails in the case, because by bringing the suit he has benefited the estate. Ingraham v. Ingraham, (169 Ill 432 (1897)); Dailey v. Dailey, (224 Ill App 17 (1922)).

■ Defendants-appellees contend that assignees are not necessary parties in that they do not take *under the will*. The assignees contend that they are necessary parties in that they do take *under the will*, because they stand in the shoes of the assignor. In support of their position, the assignees point out that a successor in interest to a beneficiary under a will, such as an executor or trustee, stands in the shoes of his predecessor as a necessary party in a suit to construe a will and thus becomes entitled to an allowance for fees for the services of attorneys required in connection with the construction questions, in the same way in which his predecessor in interest would have been entitled. The assignees reason that an assignee of a beneficiary should be treated in the same manner as an executor or trustee of the beneficiary. We disagree. Any services rendered by the assignees to protect the interest of the beneficiary are duplicative. We do not have to consider a situation whereby a beneficiary assigns the entire beneficial interest, inasmuch as the beneficiary in the case at bar retained or subsequently reacquired a portion of her beneficial interest.

■ We feel, however, that the services rendered by the assignees in respect to the spendthrift issue were not duplicative and that said assignees should be compensated therefor. Mary Isabelle Llewellyn contended that there was a spendthrift trust provision in the will. This contention was opposed by the assignees. Thus, the position of Mary Isabelle Llewellyn was adverse to that of the assignees in that they had to participate in that

11

part of the will construction proceedings and they should be compensated for their participation in respect to this issue. As to this issue, the cause will be remanded with directions to hold hearings to ascertain the fees to be allowed.

The argument of the assignees, that their construction contentions as to issues other than the spendthrift issue, were adopted by the Chancellor, is not a compelling reason to entitle them to fees.

For the above reasons the decree is affirmed in part and reversed in part and the cause remanded for further proceedings to determine the attorneys' fees of the assignees on the spendthrift issue.

Decree affirmed in part and reversed in part and cause remanded with directions.

BURKE and BRYANT, JJ., concur.