## T. L. PHILLEO v. D. J. HOLLIDAY AND OTHERS.

A bequest, by will, of freedom to slaves, where no provision is made for their removal from the state, is void.

It is a cardinal principle, that the intention of the testator, if not inconsistent with the law, shall prevail; and all rules for the construction of wills are intended to aid in ascertaining such intention.

The mere intention to disinherit the heir, cannot affect him, for he takes under the law and not under the will, and may claim contrary to the express intention of the testator; but a legacy cannot be claimed, in opposition to the intention of the testator.

Whenever, in the disposition of property, whether by deed or will, it is apparent that no beneficial interest was intended to accompany the disposition, and no other effectual gift of it has been made, it will revert back to the donor.

The creation of a particular estate, raises the *primâ facie* inference, that that alone was intended, subject, however, to be rebutted by the manifestation of an intention that the legatee may take a larger estate than that expressly bequeathed, in case of a residue.

But the court never indulge conjecture, as to the probable intention of a testator, for the purpose of helping out a bequest; this would be assuming the power of making, rather than construing, a will.

When slaves are bequeathed to a wife for life, with a remainder over that is void, without other disposition, either by express words or necessary implication, of the remainder: *Held*, that the wife, as legatee for life, would not, under the will, take the entire estate, but as to such remainder, the decedent died intestate, and it descended to his heirs.

A bequest to a wife, of a life estate, does not affect her right to come in under the statute, for her share in the remainder, after the determination of the life estate.

Nor is she, by probating the will, qualifying as executrix, and having the estate settled in accordance with its terms, in doing which the County Court adjudged to her, her life estate in the slaves, precluded from afterwards asserting her rights, as to the remainder, not disposed of by the will.

The doctrine of election only requires, that he who accepts a benefit under a will, must adopt its whole contents, so far as it concerns him, conforming to its provisions, and renouncing every right inconsistent with it.

ERROR from Cherokee. Tried below before the Hon. Reuben A. Reeves.

This suit was brought by the defendants in error against the plaintiff in error and Thomas Robertson.

The plaintiffs alleged, in their petition, that they were the brothers and sisters, and the descendants of the brothers and sisters of Abram J. Hill. That the said Abram J. Hill had, previous to his death, made and published a will, wherein he bequeathed the negroes in controversy, to his wife, Martha A. Hill, for life, and attempted thereby to give to the said negroes their freedom, after the death of his said wife; but that the bequest of freedom to the said negroes was inoperative and void, because no provision had been made by the testator, for the removal of the said negroes beyond the limits of the state; that no greater estate, in the said negroes, than one for life, had been given by the said will to the said Martha A. Hill, and that no disposition whatever had been made by the testator of the remainder in the said negroes, after the termination of the life estate. That the said Martha A. Hill and one John Carter, were appointed by the testator as his executors; that they had probated the said will in the County Court of Cherokee county, the place of residence of the testator, at the time of his death; that they had qualified as such executors, and had settled the estate of the testator, under and in accordance with the provisions of the will; and that in the decree of partition of the estate of the said Abram J. Hill, made upon the application of the said Martha A. Hill, no greater than a life estate had been decreed to her. That the defendants had notice of all these facts, but that they had purchased the said negroes from the said Martha A. Hill, who had executed to them an absolute title for the same; that the said Martha A. Hill had subsequently removed from the state, and, (as was alleged in an amended petition,) the defendants had, since the institution of the suit, removed the negroes beyond the limits of the state. The plaintiffs alleged that, as the heirs of Abram J. Hill, deceased, they were entitled to the said slaves, after the death of Martha A. Hill, and asked that the defendants might be required to execute a bond for the delivery of the negroes to them, after the death of the said Martha A. Hill; or if the provisions of the said will, for the freedom of the negroes, could be carried into effect, then that the defendants be required to give bond to free them.

The defendants excepted to the petition; and also answered, that they had paid a full and fair consideration for the negroes to the said Martha A. Hill, who was the absolute owner of them; that she never accepted the said will, so as to relinquish her rights in the slaves, unless they could be freed; but in the event that the provision of the will, freeing the slaves, was a nullity, then she was entitled to, and took an absolute estate in the negroes under the provisions of the will; and if she did not, and the provision of the will, attempting to free the negroes, was void, then that the said Martha A. Hill was entitled, as surviving wife of the said Abram J. Hill, to one-half of them; and that all the title and interest of the said Martha A. Hill, had been by her conveyed to them.

A jury was waived, and the cause submitted to the presiding judge, who overruled the defendants' exceptions to the petition, and ordered that the defendants should give bond for the delivery to the plaintiffs of the negroes in controversy, upon the termination of the life estate of the said Martha A. Hill. And from this decree the defendant, Philleo, prosecuted his writ of error.

*Donley & Anderson*, for the plaintiff in error.—We submit, in reference to the first question, that where an estate in a chattel, is given to one for life, with a remainder over which is void, it raises the presumption that the legatee for life shall have the entire interest, because there is none other mentioned in the will, to take after the termination of the life estate, unless there be express words in the will, which show that such was not the intent of the testator. (Executors of Charles James v. William B. Masters, 3 Murphy, Law & Equity Rep. 113.)

But clearly the intent of the testator was to give to his widow, Martha A. Hill, all the estate that he designed ever should exist in the slaves as property. And as to plaintiffs, who claim to be heirs of the testator, it is certain, that he did not intend they should ever take the estate; for although he made provisions for other of his relatives, who were his collateral heirs, he made none whatever, in his will for these plaintiffs. And,

too, from the very nature of the will, it is evident that he intended to dispose of the entire property from his executors. Then, according to the provisions and principles of the common law, the whole estate (the remainder being void,) vested in the legatee for life. "A devise of a term for years, or personal chattel, to one for a day or an hour, is a devise of the whole term or interest, if the limitation over is void, and it appears at the same time that the whole was intended to be disposed of from the executors." (8 Bacon's Abridgment, 300; Forth v. Chapman, 1 Peere Williams, Rep. 666.)

*Moore & Walker*, for the defendants in error.

WHEELER, C. J.—It is not questioned, that the bequest of freedom is void, for the reason that no provision is made for the removal of the slaves beyond the limits of the state. It has ever been the settled policy of our law, to prevent the inhabitancy of free negroes within the state. The constitution of the republic, in express terms, forbade it; and forbade the owner to emancipate his slaves, unless he should send them without the limits of the republic. (Const. Rep. General Prov. § 9.) The law forbids their emigration to the state, and requires all who are in the state to leave it, on pain of being reduced to slavery. (Hart. Dig., Art. 2546–2556.) Hence it has been considered, that a bequest of freedom to slaves, where provision is not made for their removal from the state, but which looks to their remaining here in a state of freedom, is in contravention of the plainly declared policy of the law, and consequently void. (Purvis v. Sherrod, 12 Texas Rep. 140.)

The bequest to the slaves, of their freedom, being void, the question to be here determined, there being no residuary bequest, is, whether Mrs. Hill, or the heirs, shall take the remainder or residue, after the determination of Mrs. Hill's life estate. It is a cardinal principle in the construction of wills, that the intention of the testator, if not inconsistent with the law, shall prevail. All the rules which are observed in the construction of

wills, have for their object, to aid in ascertaining and giving effect to such intention. There is, it is believed, no case where a legacy can be claimed under a will, in opposition to the expressed intention of the testator. There are cases where the heir will take in opposition to such express intention; for the heir does not take under the will, but under the law. The heir derives his title by descent; and his title cannot be supplanted by the will, unless the estate is devised by express words, or necessary implication, to another person. The right of the heir is defeated, only by a substitution of some person to take in his place, and not by a declaration, or express intention, that he shall not take. Hence, though the heir is expressly disinherited, as if a man by his will should declare that his heirs or next of kin shall have no part of his estate, and not direct who shall have it, still the heir would take, not under the will, but under the law; for there must be in the will a devise, to supplant the heir. It is not an intention to disinherit the heir, but a devise away from him, that can disinherit him. (Ram on Wills, 257; 8 Law Library.)

The claim of Mrs. Hill to the absolute interest, is under the will; and it seems clear, that she cannot take as legatee or executrix, because there is no bequest to her of that interest, either specifically, or as residuary legatee, by express words or necessary implication; and the language of the will imports the contrary intention; that is, that she shall take a life estate only. Where, after specific legacies, the residue is disposed of by an imperfect bequest, the attempt to dispose of it has been considered a sufficient manifestation of intention to exclude the executors, and constitute them trustees for the next of kin. Accordingly, it is laid down, that " where the residue was expressly given to the executor *for life*, the gift excluded him from taking, in that character, any part of it absolutely; and for this reason, that such restricted gift implied a negative, (namely,) that the executor should not have the surplus for a longer period." (Rop. on Leg. 1731.)

It is a general principle, applicable to all dispositions of pro-

perty, whether by deed or will, that whenever it is apparent that any beneficial interest was not intended to accompany the disposition, but no other sufficient and effectual gift of it has been made, it will result back to the original owner. Thus, where the disposition of a beneficial interest is deferred, as where property is devised to a trustee, upon trusts to be declared by a subsequent codicil, and no such declaration is made, or where a trust is declared, but lapses by the death of the beneficial donee, or is invalidated by its uncertainty, or by its illegal character, or by the refusal of the donee to accept the benefit; in all these cases the rule of law is, that the beneficial interest undisposed of, results back to the original owner, or to his representatives or heirs. Accordingly, " if there be a bequest of personal property for purposes which altogether or partially fail, the next of kin are entitled to it, or to so much of it, as cannot or need not be applied to the purposes of the will." (Adams Eq.; and see 1 Jarman on Wills, 302–308; 4 Kent, 541.) This is the general rule, and it is conceived, the present case comes fully within its operation.

The rule is subject to modification, by the manifestation of an intention that the legatee shall take a larger estate than that expressly bequeathed, in case of a residue; but in the present case no such intention appears, and the creation of the particular estate raises the *primâ facie* inference, that that alone was intended. We have no means of ascertaining what disposition the testator would have made of the slaves in controversy, after the determination of the life estate of Mrs. Hill, if he had known the bequest of freedom could not have effect, according to his wishes. There were other legatees, to whom he might have chosen to give them in remainder, or he might have chosen that they should go to the heirs, for whom he made provision in certain events; or he might have provided for their freedom, by their removal out of the state. It is left entirely to conjecture, and the courts never indulge conjecture, as to the possible or probable intention of the testator, for the purpose of helping out a bequest; for that, as has been said, would be assuming the power of mak-

ing rather than construing the will. "Where the testator in the disposition of his property, overlooks a particular event, which had it occurred to him, he would in all probability have provided against, the courts will not rectify the omission, by implying or inserting the necessary clause; conceiving it would be too much like making a will for the testator, rather than construing that already made." (2 Roper on Leg. 1463–4.)

We conclude that Mrs. Hill was not entitled to the absolute interest in the slaves under the will, but that it descended to the heirs, as so much of the property of the testator, undisposed of by the will. And this is in accordance with the opinion of the Supreme Court of North Carolina, in the very analogous case of James's Executors v. Masters, 3 Murph. Law & Eq. Rep. 110; and see Stone v. Hinton, 1 Iredell, Eq. 15.

It appears, that the slaves were the separate property of the testator, and as by his will, he made no effectual disposition of the absolute interest, or remainder, after the determination of the particular estate, as to that interest, he died intestate. And although Mrs. Hill is not entitled to that interest under the will, yet as the deceased left no child or children, or the descendants of children, by the law of descent and distribution, Mrs. Hill was entitled to the absolute interest in one-half of this property. (Hart. Dig., Art. 595.) She was entitled by succession or survivorship, equally with the plaintiffs, as heirs, to come in for her share of the property of the testator, left undisposed of by the will. A bequest to an heir, does not ordinarily affect his legal right; nor does the mere fact of a bequest to the wife, of a life estate in those slaves, affect her right to come in under the statute, for her estate in one-half of the remainder, after the determination of the life estate.

A case of election does not arise in the claim of the wife to the bequest of the life estate under this will. The principle of election is, that he who accepts a benefit under a will, must adopt the whole contents of the instrument, so far as it concerns him; conforming to its provisions, and renouncing every right inconsistent with it; as where the wife claims something under

the will which will disappoint the will.   There is nothing in the wife's claim to the life estate which is inconsistent with the will, which will prevent giving full effect to it, or which will have the effect to disappoint the will.   Her claim can have no such effect. She cannot be denied her right to her share of the property, of which no valid disposition was made by the will, in consequence of having accepted the bequest.   (1 Jarm. on Wills, ch. 15, tit. Election; Carroll v. Carroll, 20 Texas Rep. 731, 744.)

There is nothing in the proceedings in the Probate Court, to conclude the right of the wife in the property in question.   The decree of the court did not assume to make any disposition of the wife's interest in the remainder, but only adjudged to her her life estate in the property mentioned in the will.

We conclude, that the wife was entitled to the one-half the estate in remainder in this property; and if, as seems to be admitted, she has disposed of her entire interest to the defendants, they are entitled to a like interest.   It follows, that the recovery, which was for the whole estate, or interest in remainder, is erroneous.   The judgment must, therefore, be reversed, and the cause remanded, with instructions that judgment be rendered in accordance with this opinion.

Reversed and remanded.