**ESTATE of Floyd SELF, Deceased.**

**No. 1274.**

Court of Civil Appeals of Texas, Tyler.

Nov. 29, 1979.

Larry R. Daves, Daves, McCabe & Crews, Tyler, John D. Byers, Sulphur Springs, for appellant.

W. T. Allison, II, Sulphur Springs, for appellee.

SUMMERS, Chief Justice.

This is an appeal from an order of the trial court denying the application of L. T. Self, appellant, to probate an instrument in writing, dated October 26, 1950, as the will of Floyd Self, deceased.

Floyd Self died July 26, 1977, while a resident of Hopkins County, Texas. Kenny Wayne Self, appellee, the sole surviving son of the deceased, was appointed Temporary Administrator of the Estate of Floyd Self on August 1, 1977, by the County Court of Hopkins County, and then was appointed Permanent Administrator of said estate by said County Court. After Kenny Wayne Self qualified to serve as such administrator, L. T. Self and James Randle Self (brothers of the deceased), appellants herein, filed an application to determine heirship, and the cause was removed to the 62nd District Court of Hopkins County. In a summary judgment dated November 1, 1977, the District Court determined and decreed that Kenny Wayne Self was the only heir of Floyd Self, deceased, that he was entitled to receive the assets of said estate, and as such heir was the proper person to continue as Administrator of the Estate of Floyd Self, deceased. Although an appeal bond and notice of appeal was given, L. T. Self and James Randle Self failed to pursue an appeal of the trial court's summary judgment.

Thereafter, on December 8, 1977, L. T. Self, appellant, filed an application herein to probate the instrument, dated October 26, 1950, offered herein as the will of the said Floyd Self, deceased. This instrument was an executed copy of a will found in the possession of Neil McKay, County Court at Law Judge of Harris County, Texas, who formerly practiced law in Hopkins County. Appellee contested this probate, and the entire cause was transferred to the 62nd District Court of Hopkins County for determination.

Trial was had before the court without a jury. By its judgment of September 11, 1978, the trial court denied the appellant's application to probate said instrument, dated October 26, 1950, as the will of Floyd Self, deceased; decreed that all contested matters were resolved, confirmed and ratified the court's summary judgment of November 1, 1977, in which Kenny Wayne Self was determined to be the sole heir of Floyd Self, deceased, ordering that he continue as administrator and close the estate as provided by law; and transferring the cause back to the County Court of Hopkins County for action in accordance with this judgment.

It is from this judgment that appellants appeal.

We affirm.

In said judgment the court made and states the following findings of fact and conclusions of law:

(1) That the application to probate the will of Floyd Self, deceased, dated October 26, 1950, should be in all things denied because the proof required for probate was not made to the satisfaction of the court;

(2) That the evidence failed to establish that such purported will was not revoked by the testator;

(3) That by this court's summary judgment order of November 1, 1977, the court found and decreed and now finds and decrees that the two beneficiaries, Marion James Self and David Paul Self, died without issue before the death of their father, Floyd Self, on July 26, 1977, and that Floyd Self died intestate on July 26, 1977, survived by his only son and heir, Kenny Wayne Self;

(4) That the purported will of October 26, 1950, has lapsed, and that the two beneficiaries, Marion James Self and David Paul Self, died without issue prior to the death of Floyd Self, deceased, and that the purported will dated October 26, 1950, contains no clause disposing of the residue of the estate of Floyd Self, deceased, which is sufficient to disinherit Kenny Wayne Self;

(5) That L. T. Self is not entitled to letters testamentary and is disqualified and unsuitable to act;

(6) That Kenny Wayne Self is a suitable person to be and to continue to be administrator, that he is not disqualified, that as such administrator he has performed all the acts of administration, that all debts and inheritance taxes have been paid, and there is no necessity for continuing said administration.

Appellants predicate this appeal upon one point of error, as follows: That the trial court erred in holding that the will did not disinherit appellee.

■ The general rule is that it is not the province of the court to construe a will in a proceeding for its probate. If proof required by the applicable statutory provision is made, the will should be admitted to probate, leaving for determination in a separate and independent action questions as to what property is affected by the will and what disposition shall be made of the property. *Langehenning v. Hohmann*, 139 Tex. 452, 163 S.W.2d 402, 405 (1942, opinion adopted); *Robinson v. Compton*, 313 S.W.2d 550, 552 (Tex.Civ.App.—Eastland 1958, no writ).

We do not believe that a construction of the purported will to determine if it disinherits appellee, as raised in appellants' single point of error, is a matter to be considered in determining whether the instrument offered should be admitted to probate. The statutory proof required for probate and issuance of letters testamentary is set forth in Section 88 of the Texas Probate Code.

■ However, if the matter raised in such point of error is properly before this court, then we agree with the trial court that the instrument offered for probate was ineffective to disinherit appellee, Kenny Wayne Self. The purported will left everything to appellee's two brothers, Marion James Self and David Paul Self, who died without issue prior to the death of their father, Floyd Self. There was no residuary clause. A lapsed testamentary gift will pass by intestate succession unless the will contains a general residuary clause or provides for a substitute devisee or legatee. *Bittner v. Bittner*, 45 S.W.2d 148, 152 (Tex. Comm'n App.1932, judm't adopted).

■ In order to disinherit an heir, a testator must effectively dispose of his property to another under the provisions of his will. As stated by the Supreme Court in the early case of *Philleo v. Holliday*, 24 Tex. 38 (Tex.Sup.1859):

". . . The right of the heir is defeated only by a substitution of some person to take in his place, *and not by a declaration, or express intention, that he shall not take.* Hence, though the heir is expressly disinherited, as if a man by his will should declare that his heirs or next of kin shall have no part of his estate, and not direct who shall have it, still the heir would take, not under the will, but under the law; for there must be in the will a devisee, to supplant the heir . ." (Emphasis added).

If the testator fails to make an effective disposition of his property to another (as in this case), the property will pass to his heirs at law under the laws of descent and distribution even though this might be against the testator's intention, however, plainly manifested. *Najvar v. Vasek*, 564 S.W.2d 202, 207 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Poole et al. v. Starke*, 324 S.W.2d 234 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n. r. e.); *Adams v. Masterson*, 415 S.W.2d 535, 536 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.). Appellants' point of error is overruled.

■ Since the findings of fact set forth specifically by the court in its judgment have not been challenged by any assignment of error, they stand as proven facts in this case. Accordingly this court has no jurisdiction to go behind these findings and must accept them as supported by the evi-

dence. *Lovejoy v. Lillie,* 569 S.W.2d 501, 504 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.); *Bilek v. Tupa,* 549 S.W.2d 217, 220 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); *Texas State Board of Pharmacy v. Gibson's Discount Center, Inc.,* 541 S.W.2d 884, 886 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.); *City of Sulphur Springs v. Steed,* 562 S.W.2d 906, 909 (Tex. Civ.App.—Tyler 1978, no writ); *McKenzie v. Carte,* 385 S.W.2d 520, 530 (Tex.Civ.App. —Corpus Christi 1964, writ ref'd n. r. e.); *Waters v. King,* 353 S.W.2d 326, 328 (Tex. Civ.App.—Dallas 1961, no writ).

The judgment of the trial court is affirmed.