Neel COTTEN, Individually and as Beneficiary of the Dennis M. Cotten Trust Created Under the Last Will and Testament of Dennis M. Cotten, Deceased, Cause No. 68–2694–P2(B) in Dallas County, Texas, Appellant

v.

George F. COTTEN, Individually and as General Partner in the Cotten Family Limited Partnership, and George F. Cotten, Independently, Executor of the Estate of Frances M. Cotten, Deceased, Cause No. 01–4441–P, Appellee.

No. 05–04–01177–CV.

Court of Appeals of Texas, Dallas.

Aug. 24, 2005.

Lawrence L. Beason, Mineola, for appellant.

John Alan Goren, Robert K. Dowd, Robert K. Dowd, P.C., Dallas, for appellee.

Before Justices MORRIS, LANG, and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

This case involves a dispute between two brothers over family assets. Neel Cotten brought this suit against his brother George F. Cotten, alleging George applied undue influence over their late mother Frances Cotton when she executed her final will and living trust, created the Cotten Family Limited Partnership, and conveyed substantial family assets into the partnership. He also alleged his mother conveyed properties to the partnership based on a forged warranty deed from her late husband. The trial court granted summary judgment in favor of George dismissing Neel's claims. We affirm the trial court's judgment.

### I.

Dennis Cotten, the father of Neel and George and the husband of Frances, died on October 17, 1968. Approximately one month earlier, a law firm had prepared a warranty deed in Dennis's name, making an inter vivos gift to Frances of his one-half community-property interest in three tracts of land. The deed was notarized and filed of record on October 24, 1968.

Before her death in 2001, Frances Cotten met with an attorney in 1994 to draft a living trust, her final will, and the Cotten Family Limited Partnership. After Frances's death, Neel filed suit contesting the validity of her will. George filed a motion for summary judgment in the case. He requested that the probate court grant summary judgment on the issues of whether Frances was of sound mind, had testamentary capacity, and was free from undue influence and fraud, and that the will was properly attested to and executed. On July 10, 2002, granting George's motion in part, the probate court concluded that Frances was of sound mind at the time of the execution of her will and there was no fraud with respect to the execution of the will. In September 2002, Neel and George settled the case and agreed to the probate of the will. In 2004, Neel filed this suit, alleging George exercised undue influence over their mother when she executed the family limited partnership and her will and trust. He further alleged his mother had conveyed property to the limited partnership based on a void, forged warranty deed from his father. George responded by filing a traditional summary judgment motion. The trial court granted George's motion for summary judgment. Neel then brought this appeal.

## II.

In Neel's first issue on appeal, he contends the trial court erred in granting George's motion for summary judgment. He contends there were genuine issues of material fact about whether George exerted undue influence over Frances at the time she executed her will and created the trust and family limited partnership. We conduct a de novo review of a trial court's summary judgment. *Foreness v. Hexamer*, 971 S.W.2d 525, 527 (Tex.App.-Dallas 1997, pet. denied). To obtain summary judgment, George had the burden to show no genuine issue of material fact existed and he was entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972).

A will may be set aside for undue influence if a contestant proves: (1) the existence and exertion of an influence; (2) the effective operation of such an influence that the mind of the testator was subverted or overpowered at the time of the will's execution; and (3) the execution of a will that the testator would not have executed but for that influence. *Holcomb v. Holcomb*, 803 S.W.2d 411, 414 (Tex.App.-Dallas 1991, writ denied) (citing *Rothermel v. Duncan*, 369 S.W.2d 917 (Tex.1963)). The exertion of undue influence cannot be inferred by opportunity alone. There must be some evidence to show that the influence was not only present, but in fact exerted with respect to the making of the testament itself. Although evidence of age and the common maladies of age may be considered as establishing the testator's physical incapacity to resist or the susceptibility of her mind to an influence exerted, such evidence does not establish that her mind was in fact subverted or overpowered at the time of the execution of the instrument in question. *See Rothermel*, 369 S.W.2d at 923.

In support of his motion for summary judgment, George presented deposition testimony of the attorney who helped Frances draft the Cotten Family Limited Partnership and her will and trust. The attorney testified that when he met with her in 1994 to set up the transactions, she was an active eighty-four-year-old woman who had survived a stroke well and had just returned from a trip to Alaska. The attorney noted that Frances was "very engaged" during the several hours he was involved with her. The attorney stated she had the capacity to understand the general nature and extent of her property and what she was doing in the various transactions.

Frances's treating physician also testified by deposition that, in 1994, she had the ability to understand her business and finances, had full custody of her mental facilities, had the ability to understand her acts for the making of a will, had the capacity to understand the general nature and extent of her various holdings and property, and had memory sufficient to recollect the elements of the business of execution of wills and trusts and to hold that memory long enough to apply the elements to the creation of her will and trust.[1] In 2002, the probate court in this case concluded that Frances was of sound mind at the time of the execution of the will. At the same time, the probate court concluded there was no fraud with respect to the will's execution.

---

1. In his reply brief on appeal, Neel attempts to refute this evidence with deposition excerpts attached to his opposition to George's motion for summary judgment in a previous proceeding. This evidence was not in the summary judgment evidence before the trial court in this case and is not properly before us.

■ Neel argues on appeal that George had a "fiduciary relationship" with his mother and that relationship created a fact issue on undue influence. More specifically, he contends that because George's adult daughter lived with Frances and attended to her needs, there was a fiduciary relationship between George and the mother. Appellant cites no authority, and we have found none, for the proposition that an adult granddaughter's living with and caring for her grandmother creates a fiduciary relationship between the grandmother and the granddaughter's father. Because Neel failed to show the existence of a fiduciary relationship, he failed to raise a fact issue based on such a relationship.

■ Neel also argues that because a "greatly disproportionate disposition of the Cotten family properties favor[ed]" George over him, the "unnatural disposition" of the family properties created a fact issue about whether George had exercised undue influence over his mother when she executed the complained-of documents. But a person of sound mind has a legal right to dispose of her property as she wishes. Only where "all reasonable explanation in affection for the devise is lacking" can it be said that the disposition was unnatural. *Id.* at 923–24. In this case, the evidence showed that Neel's relationship with his mother had been strained for years before the execution of her will and the execution of the trust and family partnership. Thus, the disproportionate disposition of the property did not create a fact issue about whether George had exercised undue influence over Frances. We conclude George established, as a matter of law, that Frances's execution of her will and her creation of the trust and family partnership was not the result of undue influence. The trial court did not err in granting summary judgment on this mat-

ter. We resolve Neel's first issue against him.

■ In Neel's next issue, he contends the trial court erred in granting George's motion for summary judgment on the issue of the allegedly forged deed. Neel argues that his father's signature on the 1968 warranty deed is a forgery. He contends that, due to the forgery, his mother's attempt to convey the property that was the subject of the deed to the family limited partnership is void. He further contends that he and George, therefore, are equal owners of the property in question, as equal beneficiaries of the Dennis M. Cotten Trust.

Neel filed an affidavit in support of his response to George's motion for summary judgment in this case. In the affidavit, he stated that his mother had forged his father's signature on the deed and the forgery had been confirmed by a qualified handwriting expert. Neel admitted in his affidavit, however, that he was not present at the execution of the deed. And we note that the record before us does not reveal the expert referred to by Neel testified by affidavit or otherwise. At the hearing on the motion for summary judgment, George moved to strike Neel's statements about the forgery, and the trial court granted George's motion. At that point there was no evidence showing the deed was forged, and the trial court did not err in granting summary judgment on the forgery issue. We resolve Neel's second issue against him.

■ In a related issue, Neel complains the trial court erred by hearing and granting George's motion to strike Neel's affidavit. Neel contends the trial court abused its discretion because it did not require George to serve him with a "motion and notice of hearing on the motion" at least three days before the hearing on George's summary judgment motion, when

the motion to strike was filed, as required by the Texas Rules of Civil Procedure. *See* Tex.R. Civ. P. 21. Neel's statements in his affidavit that his mother had forged his father's signature and an unidentified "expert" had confirmed the forgery were conclusory and therefore not proper summary judgment evidence. *See Thompson v. Curtis,* 127 S.W.3d 446, 450–51 (Tex.App.-Dallas 2004, no pet.). We conclude the trial court did not abuse its discretion in granting the motion to strike. Furthermore, our record reveals no complaint or objection was lodged with the trial court about hearing the motion to strike. Neel merely argues in his appellate brief that the "untimely notice was called to the trial court's attention." Absent an objection and an adverse ruling in our record, any error for failing to follow rule 21 is not preserved for our review. *See* Tex.R.App. P. 33.1(a). We resolve Neel's third issue against him.

■ Neel complains in his fourth issue about the evidence George used to support his motion for summary judgment. He argues, in part, that the trial court erroneously considered the affidavit of his mother's physician. Neel asserts the affidavit should not have been considered as summary judgment evidence because "the doctor's treatment reports … are not complete." This complaint was not raised in the trial court. Because he failed to object, the claimed error is not preserved for our review. *See id.*

■ Neel also has not preserved his complaint that the trial court erred "in considering as summary judgment proof the copies of unsworn and uncertified excerpts from depositions" attached to George's motion for summary judgment. He alleges on appeal that the excerpts were not properly authenticated. But in his opposition to George's motion for summary judgment, Neel objected only on the

basis that George had failed to show the deponents were unavailable for testimony in the case. His appellate complaint does not comport with his objection to the trial court. The claimed error is not preserved for our review. *See id.*

■ Finally, Neel argues that "the other exhibits attached to the motion are not competent summary judgment evidence, since the exhibits are not self-proving and are not attached to an affidavit that proves the exhibits to be true." First, Neel's argument ignores the effect of Texas Rule of Civil Procedure 166a(d), which states,

[d]iscovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs … at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment. . . .

Tex.R. Civ. P. 166a(d). The supreme court has held that this rule "supercedes any authentication requirement." *McConathy v. McConathy,* 869 S.W.2d 341, 342 (Tex. 1994). To the extent the "exhibits" are discovery products, Neel's argument is not well taken, and Neel makes no argument that the exhibits are not subject to rule 166a(d).

Second, George attached thirteen exhibits, totaling 263 pages, to his motion for summary judgment. The exhibits include an eighty-six page letter from Neel to Frances, the 2002 settlement agreement signed by both parties and notarized, a 2002 court order in a related proceeding between the two parties, a certified copy of the 1968 deed, and all the family planning

instruments executed by the mother in 1994, which contain notarized acknowledgments of all the parties to the instruments. Neel fails to point out how any particular exhibit is flawed but instead makes a general claim that the evidence is not authenticated. We have no duty to conduct an independent search of the record to determine whether Neel's general claim is true. *See Most Worshipful Prince Hall Grand Lodge v. Jackson,* 732 S.W.2d 407, 412 (Tex.App.-Dallas, writ ref'd n.r.e.). Instead, it is Neel's burden to point us to the place in the record where matters complained of are established. *Id.* Neel has failed to do so. Based on the forgoing, we conclude Neel's fourth issue is without merit. We resolve it against him.

We affirm the trial court's judgment.