NO.
12-06-00409-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE
MATTER OF THE ESTATE        §                      APPEAL FROM THE 

 

OF
ROSEZELLAR WILLICH,        §                      COUNTY COURT AT LAW

 

DECEASED  §                      HENDERSON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Appellant
Robert Lewis Willich appeals an order admitting the will of Rosezellar Willich
to probate as a muniment of title.  On
appeal, Willich presents seven issues. 
We modify the order and affirm as modified.

 

Background

            On May 21, 1998, Rosezellar Willich
executed a self proved will bequeathing her estate to her spouse, Ernest Justin
Willich.  If her husband did not survive
her, Rosezellar bequeathed her estate to John M. Button, III, her
grandson.  If neither survived her,
Rosezellar bequeathed her estate to her heirs as determined by the laws of the
State of Texas relating to descent and distribution. There were three
subscribing witnesses to decedent’s will. 
According to the record, Rosezellar died on June 30, 2006 and Ernest
predeceased her.  On September 20, 2006,
Button filed a first amended application for probate of Rozellar’s will as a
muniment of title.  In the application,
Button listed Rosezellar’s heirs as four surviving children and himself.  He also listed the three subscribing
witnesses, stating that their addresses were “unknown.”  Further, Button asked that the court waive
the requirements of section 89C(d) of the Texas Probate Code requiring a sworn
affidavit stating the terms of the will that have been fulfilled and the terms
that have not been fulfilled.  Willich
filed a motion to contest the application for probate, contending that the
application did not comply with the Texas Probate Code, that Rosezellar lacked testamentary
intent, and that the will was not self proved, removed her eldest son as
executor, and was the result of undue influence.  Because of the contest, the case was
transferred to the county court at law of Henderson County, Texas. 

            On November 16, 2006, the trial
court held a hearing on the application. 
Button testified that he was Rosezellar’s grandson, that she died in
Kaufman although she was a resident of Henderson County, and that her estate
consisted of a house valued at approximately $30,000.00.  Button identified Rosezellar’s will and
signature, and stated that she left everything to him.  He also stated that no state or governmental
agency or charitable organization was named as a beneficiary in the will, that
there were no debts owed by the estate, and that there was no need for
administration. Button also asked the trial court to waive the requirements of
section 89C(d) of the Texas Probate Code. 
On cross examination, Button stated that in 1998, Rosezellar was living
in Whitney, Texas and that the will was signed at an office in Seven Points,
Texas.  He did not know the witnesses’
names.

            Willich contended that without
affidavits attached to the application required by section 49 of the Texas
Probate Code, the application was not valid. 
He contended further that the application did not list all of Rosezellar’s
heirs, i.e., Charles Merchant, a predeceased son.  However, Willich stated that he was not sure
if Merchant’s children were entitled to inherit Merchant’s twenty percent.  According to Willich, Rosezellar declared
that the will was four pages, but it contained only three pages. Willich also
asserted that Rosezellar was unduly influenced to make her will.  He stated that the witnesses to the will must
be present because “there ain’t no affidavit towards the will.”  Further, Willich noted that the application
did not contain the witnesses’ addresses. 
He also claimed that “someone” had to drive his parents to the office in
Seven Points, Texas.

            At the conclusion of the hearing,
the trial court admitted the will to probate as a muniment of title.  On November 16, 2006, the trial court signed
an order in accordance with its ruling. 
Willich filed a motion objecting to the order, specifically noting that
it declared there was no objection to or contest of the will.  Willich appealed pro se. Button did not file
a brief.[1]

 

Undue Influence and Lack of Testamentary
Intent

            In his first and fourth issues,
Willich argues that the trial court erred in admitting the will to probate
because it was the result of undue influence and Rosezellar lacked testamentary
intent or capacity.  More specifically,
he contends that Rosezellar granted Button a power of attorney that gave Button
an opportunity to exert undue influence on Rosezellar to execute the will.  He also argues that Button’s undue influence
caused Rosezellar to sign a will that contained only three pages, not four
pages as declared in the will itself. 
Because of the undue influence and the difference between the stated
length of the will and the actual will, Willich argues that the will is a
forgery.  Further, he contends that
Rosezellar lacked testamentary intent or capacity because she suffered from
Alzheimer’s disease, was a borderline diabetic, and took medications for high
blood pressure and pain.

Applicable
Law

            A will may be set aside for undue
influence if a contestant proves (1) the existence and exertion of an
influence, (2) the effective operation of such an influence that the mind of
the testator was subverted or overpowered at the time of the will’s execution,
and (3) the execution of a will that the testator would not have executed but
for that influence.  Cotten v.
Cotten, 169 S.W.3d 824, 827 (Tex. App.–Dallas 2005, pet. denied).  The burden of proving undue influence is upon
the party contesting its execution.  Estate
of Davis v. Cook, 9 S.W.3d 288, 293 (Tex. App.–San Antonio 1999, no
pet.).  The exertion of undue influence
cannot be inferred from opportunity alone. 
Cotten, 169 S.W.3d at 827. 
It is necessary for the contestant to introduce some tangible and
satisfactory proof of the existence of each of the elements of undue
influence.  Estate of Davis,
9 S.W.3d at 293. 

            A testator is presumed to know the
contents of a testamentary instrument she signed if she (1) is of sound mind,
(2) is able to read and write, (3) has the capacity to acquire knowledge of the
contents of a document by exercising her faculties, and (4) executes the
instrument and has it witnessed as required by statute.  Collins v. Smith, 53 S.W.3d
832, 837 (Tex. App.–Houston [1st Dist.] 2001, no pet.).  A testator has testamentary capacity when she
has sufficient mental ability to understand she is making a will, the effect of
making a will, and the general nature and extent of her property.  Long v. Long, 196 S.W.3d 460,
464 (Tex. App.–Dallas 2006, no pet.). 
She must also know her next of kin and the natural objects of her bounty,
and the claims upon them, and have sufficient memory to collect in her mind the
elements of the business transacted and hold them long enough to form a
reasonable judgment about them.  Id.  The proponent of the will has the burden of
proving testamentary capacity.  Id.  However, a self proving affidavit attached to
a will allows the proponent of a will a manner of proof in which to make out a
prima facie case that the testator had testamentary capacity or intent.  See Reynolds v. Park, 485
S.W.2d 807, 816 (Tex. Civ. App.–Amarillo 1972, writ ref’d n.r.e.).  Once the proponent of the will produces a
self proved will into evidence, the contestant must go forward with evidence to
rebut the presumption.  See id.

Analysis

            At trial, Willich stated that the
will was missing one page because it contained only three pages even though
Rosezellar declared that she was signing a four page will.  He also stated that Rosezellar’s previous
will appointed Merchant as executor and that, in 1998, “somebody got it
changed.”  According to Willich, someone
caused his parents to change the will “over to [Button] and everything was
given to him because [Rosezellar was] easily influenced over the years.”  He also alleged that Rosezellar “was signing
anything over to anybody.”  According to
Willich, someone had to drive his parents from their home in Whitney, Texas to
Seven Points, Texas where the will was executed.  Other than determining where the will was
executed, he did not question Button regarding his claims of undue influence.  Nor did 
he introduce any evidence or produce any witnesses regarding the
existence or operation of undue influence upon Rosezellar’s mind or that she
would not have executed the will but for that influence.  Because Willich failed to introduce any tangible
and satisfactory proof of the existence of each of the elements of undue
influence, he failed to prove that Rosezellar was  unduly influenced to execute the will.  See  Estate of Davis, 9 S.W.3d at
293. 

            Regarding Rosezellar’s lack of
testamentary intent or capacity, the burden of proof is on Button.  In her will, Rosezellar stated that she was “of
sound mind and in the contemplation of the certainty of death.”  Button filed Rosezellar’s self proved will
with the trial court.  At that point, the
burden shifted to Willich to produce evidence to rebut the presumption that
Rosezellar had testamentary capacity or intent. 
See Reynolds, 485 S.W.2d at 816.  At trial, Button did not testify regarding
Rosezellar’s testamentary intent or capacity, nor was he questioned by his
attorney or Willich regarding Rosezellar’s state of mind or capacity.  Willich stated that Rosezellar “was signing
anything over to anybody” and that she had been “easily influenced over the
years.”  He did not argue that Rosezellar
had Alzheimer’s disease or that she was on several medications.  Willich also did not produce any evidence
that Rosezellar lacked testamentary intent or capacity.  Because Willich failed to introduce any
evidence on the issue, he did not rebut the presumption that Rosezellar had
testamentary intent or capacity to execute the will.  See id.  Therefore, we overrule Willich’s first and
fourth issues.

 

Section 89 of the Texas Probate Code

            In his second issue, Willich
contends that the trial court lacked jurisdiction to waive section 89C(d) of
the Texas Probate Code.  In his
application for probate and at trial, Button requested the trial court waive
the requirements of section 89C(d) of the Texas Probate Code.  Section 89C(d) states that unless waived by
the court, after the date a will is admitted to probate as a muniment of title,
the applicant for probate of the will shall file with the clerk of the court a
sworn affidavit stating specifically the terms of the will that have been
fulfilled and the terms of the will that have not been fulfilled.  Tex.
Probate Code Ann. § 89C(d) (Vernon 2003).  However, an appellate brief must contain a
clear and concise argument for the contentions made with appropriate citations
to authorities.  Tex. R. App. P. 38.1(h). 
Willich does not provide any argument or citations to the record to
demonstrate why the trial court lacked jurisdiction to waive the requirements
of section 89C(d).  Willich’s argument
consisted only of a conclusory statement that the trial court lacked
jurisdiction to waive section 89C(d). 
Because Willich has failed to provide an adequate substantive analysis
of this issue, he has presented nothing for our review.  See Tex.
R. App. P. 38.1(h). Therefore, we overrule Willich’s second issue.

 

Jurisdiction

            In his third issue, Willich contends
that the trial court lacked jurisdiction over Rosezellar’s will because there
was a will contest.  A county court has
the general jurisdiction of a probate court. Tex.
Probate Code Ann. § 4 (Vernon 2003). 
However, in contested probate matters, the judge of the constitutional
county court shall, on the motion of a party to the proceeding, transfer the
proceeding to the county court at law or a statutory court exercising the
jurisdiction of a probate court other than a statutory probate court.  Tex.
Probate Code Ann. § 5(c) (Vernon 2003). 
After Willich filed a motion to contest the application for probate,
Button moved the county court to transfer the case to the county court at
law.  The county court granted Button’s
motion.  According to section 5(c), the
county court had no choice but to transfer the case to the county court at law.

            Appellant cites In re Estate
of Kurtz, 54 S.W.3d 353 (Tex. App.–Waco 2001, no pet.), for the
proposition that the county court at law was without jurisdiction to hear the
will contest.  In that case, the county
court admitted the contested will to probate as a muniment of title.  Id. at 354.  After doing so, the contestant filed several
motions and the county court transferred the case to the county court at law “for
hearing purposes only.”  Id.  The court of appeals held that when the order
admitting the will to probate as a muniment of title became final, the county
court’s jurisdiction terminated. Id. at 356.  Thus, it had no jurisdiction to entertain the
contestant’s postjudgment motions, and the county court at law was also without
jurisdiction to hear the case.  Id.  In this case, the county court transferred
the case to the county court at law before admitting the will to probate as a
muniment of title and in accordance with section 5(c) of the Texas Probate
Code.  Accordingly, the trial court had
jurisdiction of the proceeding. 
Therefore, we overrule Willich’s third issue.

 

Application for Probate

            In his fifth issue, Willich argues
that the trial court erred by considering Button’s application to probate
Rosezellar’s will because it failed to conform to the Texas Probate Code.  More specifically, he contends that the
application failed to give the correct time and place of Rosezellar’s death,
failed to list the subscribing witnesses’ addresses, failed to give a
description of Rosezellar’s property, failed to prove that Rosezellar was of
sound mind, and failed to contain the affidavit required by section 49 of the
Texas Probate Code.

Applicable
Law

            An application for probate of a will
as a muniment of title shall state (1) the name and domicile of each applicant,
(2) the name, age if known, and domicile of the decedent, and the fact, time,
and place of death, (3) facts showing that the court has venue, (4) that the
decedent owned real or personal property, or both, describing the property
generally, and stating its probable value, (5) the date of the will, the name
and address of the executor named in the will, if any, and the names and
residences of the subscribing witnesses, if any, (6) whether a child or
children born or adopted after the making of such will survived the decedent,
and the name of each such survivor, if any, (7) that there are no unpaid debts
owing by the estate of the testator, excluding debts secured by liens on real
estate, (8) whether the decedent was ever divorced, and if so, when and from
whom, and (9) whether the state, a governmental agency of the state, or a
charitable organization is named by the will as a devisee.  Tex.
Probate Code Ann. § 89A(a) (Vernon Supp. 2007).  These matters shall be stated and averred in
the application to the extent that they are known to the applicant, or can with
reasonable diligence be ascertained by the applicant.  Id.  If any of such matters is not stated or
averred in the application, the application shall set forth the reason why such
matter is not so stated and averred.  Id.

Analysis

            Willich contends that the
application for probate failed to conform to section 89A of the Texas Probate
Code because it contained the incorrect date and place of Rosezellar’s
death.  In the application, Button stated
that Rosezellar died on June 30, 2006 in Kaufman, Kaufman County, Texas.  However, Willich stated in his motions
contesting the will that Rosezellar died on June 29, 2006 in Kaufman, Kaufman
County, Texas.  No death certificate was
filed as an exhibit to any of the applications or motions in the clerk’s
record, nor was a death certificate entered as an exhibit at trial.  Because there is no death certificate in the
record, we cannot determine whether the application for probate failed to state
the correct date of Rosezellar’s death. 
As such, we must presume that the application was correct.

            Willich next argues that the
application did not list the subscribing witnesses’ addresses.  In the application, Button listed the three
subscribing witnesses to Rosezellar’s will and stated that all three of their
addresses were “unknown.”  Although the
probate code states that the subscribing witnesses’ residences shall be listed
in the application, it also states that these matters should be stated and
averred to the extent they are known to the applicant.  See Tex.
Probate Code Ann. § 89A. 
Because we presume Button stated the witnesses’ residences to the extent
known to him, we cannot conclude that the trial court erred by considering the
application even though it did not contain the subscribing witnesses’
residences.

            However, Willich contends that
because the witnesses’ addresses are unknown, there is no way to determine if
they actually witnessed Rosezellar’s will. 
If a will is self proved as provided in the Texas Probate Code, no
further proof of its execution with the formalities and solemnities and under the
circumstances required to make it a valid will shall be necessary.  See Tex.
Probate Code Ann. § 84 (Vernon 2003). 
Because Rosezellar’s will is self proved, Button was not required to
prove that the named individuals witnessed her will.

            Further, Willich argues that the
application did not give a description of Rosezellar’s property.  The application stated that Rosezellar’s
estate consisted of real and personal property. Although the probate code
requires the property to be described generally, it also provides that these
matters should be stated and averred to the extent they are known to the
applicant.  See Tex. Probate Code Ann. § 89A.  Because we presume Button stated Rosezellar’s
real and personal property to the extent known to him, we cannot conclude that
the trial court erred by considering the application even though it did not
contain a more detailed description of Rosezellar’s real and personal property.


            Appellant also contends that the
application did not prove that Rosezellar was of sound mind. However, proof
that Rosezellar was of sound mind need not be included in the application.  See Tex.
Probate Code Ann. § 89A.  Finally,
Willich argues that the application failed to contain the  affidavit required by section 49 of the Texas
Probate Code.  Section 49 defines who may
institute proceedings to declare heirship. 
See Tex. Probate Code Ann.
§ 49 (Vernon 2003).  A proceeding
to declare heirship may be instituted only when a person dies intestate or when
a will has been probated and any real or personal property has been omitted
from the will.  See Tex. Probate Code Ann. § 48 (Vernon
Supp. 2007).  Rosezellar did not die
intestate, nor does Willich argue that the will omitted any real or personal
property. As such, section 49 does not apply. 

            We overrule Willich’s fifth issue.

 

Removal of Heirs

            In his sixth issue, Willich argues
that Rosezellar’s heirs, particularly her predeceased child’s heirs and her
adopted children, must have been expressly removed from her will.  Because Rosezellar did not do so, he
contends, the heirs at law should inherit her estate.

Applicable
Law

            A person of sound mind has a legal
right to dispose of her property as she wishes. 
Cotten, 169 S.W.3d at 828. 
In order to disinherit an heir, a testator must effectively dispose of
her property to another under the provisions of her will.  In re Estate of Self, 591
S.W.2d 338, 340 (Tex. Civ. App.–Tyler 1979, no writ).  The Texas Supreme Court has stated that

 

[t]he right of the heir is defeated only by a
substitution of some person to take in his place.  And not by a declaration, or express
intention, that he shall not take. 
Hence, though the heir is expressly disinherited, as if a man by his
will should declare that his heirs or next of kin shall have no part of his
estate, and not direct who shall have it, still the heir would take, not under
the will, but under the law; for there must be in the will a devisee, to
supplant the heir.

 

 

Id.
(quoting Philleo v. Holliday, 24 Tex. 38 (1859)).  If a testator fails to make an effective
disposition of her property to another, the property will pass to her heirs at
law under the laws of descent and distribution. 
Id. (citing Najvar v. Vasek, 564 S.W.2d 202,
207 (Tex. Civ. App.–Corpus Christi 1978, no writ)). 

Analysis

            In her will, Rosezellar bequeathed
her estate to her husband.  However, if
he predeceased her, she bequeathed her estate to Button.  If both her husband and Button predeceased
her, Rosezellar left her estate to her heirs as determined by the laws of the
State of Texas relating to descent and distribution.  Rosezellar had the legal right to dispose of
her property as she wished.  See Cotten,
169 S.W.3d at 828.  Because Rosezellar’s
husband predeceased her, all of her estate passed to Button under the terms of
her will.  The rights of Rosezellar’s
heirs at law, including Willich, were defeated because Button survived
Rosezellar and he, as the devisee of her entire estate under the will,
supplanted them.  See In re Estate
of Self, 591 S.W.2d at 340. 
Accordingly, Rosezellar’s heirs at law were not entitled to any portion
of her estate under the laws of descent and distribution. Therefore, we
overrule Willich’s sixth issue.

 

Order Admitting Will to Probate

            In his seventh issue, Willich
contends that the trial court abused its discretion by signing the order
admitting the will to probate because it contained error.  More specifically, he argues that the  order stated there was no objection to or
contest of the will.  The order admitting
the will to probate as a muniment of title included a finding that “no
objection to or contest of the probate of said Will has been filed herein.”  We note that the clerk’s record shows Willich
filed one motion and several supplemental motions to contest the application
for probate.  Accordingly, we sustain
Appellant’s seventh issue.

 

Conclusion

            Because we have sustained Willich’s
seventh issue, we modify the trial court’s order admitting
Rosezellar’s will to probate by deleting the words “no objection to or contest”
and substituting in their place the words “a contest.”  See Tex.
R. App. P. 43.2(b); Mullins v. Mullins, 202 S.W.3d 869,
878 (Tex. App.–Dallas 2006, pet. denied) (stating that an appellate court has
the authority to modify an incorrect judgment when the necessary information is
available).  We affirm the
trial court’s order as modified.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered December 21,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] We have liberally construed Willich’s brief in order to give effect to
his arguments.  See Tex. R. App. P. 38.9.  As such, we have determined that he has
raised seven issues.