Opinion filed August 25,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00307-CV

                                                    __________

 

                               MARGARET
McDANIEL, Appellant  

 

                                                             V.

 

                                DEBRA
HOUSEHOLDER, Appellee



 

                                   On
Appeal from the 118th District Court

 

                                                          Howard
County, Texas

 

                                                   Trial
Court Cause No. 46368-A

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This case arises out of an interpleader action filed by Globe Life and Accident
Insurance Company concerning a life insurance policy purchased by Michael
McDaniel.  Michael died on September 9, 2008.  Approximately eight months prior
to his death, Michael changed the beneficiary of the life insurance policy from
his wife, Margaret McDaniel, to his sister, Debra Householder.  After Michael’s
death, Margaret asserted that the change of beneficiary was ineffectual because
Michael lacked mental capacity to make the change or because Debra exercised
undue influence over him.  Thus, Margaret asserted that she is the proper beneficiary
of the life insurance policy.

            As a
result of the dispute between Margaret and Debra, Globe Life interpleaded the
death benefits of the life insurance policy into the registry of the court.[1] 
Margaret and Debra filed cross-actions against each other for the death
benefits.  Debra subsequently filed a no-evidence motion for summary judgment
challenging Margaret’s claims that Michael lacked mental capacity or was unduly
influenced when he executed the change-of-beneficiary designation.   The trial
court granted Debra’s no-evidence motion for summary judgment.  Margaret
challenges the summary judgment in a single issue.  We affirm.

Standard
of Review

We review the trial court’s summary judgment de novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).   When a no-evidence
motion for summary judgment is filed, the burden shifts to the nonmoving party
to present evidence raising an issue of material fact as to the elements
specified in the motion.  Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572,
582 (Tex. 2006).  A trial court must grant a proper no-evidence motion for
summary judgment unless the nonmovant produces more than a scintilla of
probative evidence to raise a genuine issue of material fact on the challenged
elements of the claim.  Tex. R. Civ. P.
166a(i); Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004); Wal-Mart
Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).  We review a
no-evidence summary judgment under the same standard as a directed verdict. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).  We review the
evidence in the light most favorable to the party against whom the summary
judgment was rendered, crediting evidence favorable to that party if reasonable
jurors could and disregarding contrary evidence unless reasonable jurors could
not.  Tamez, 206 S.W.3d at 582; City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005). 

Analysis

Lack
of mental incapacity and undue influence are two separate and distinct grounds
for avoiding an instrument or contract.  See Long v. Long, 125 S.W.2d
1034, 1036 (Tex. 1939).  “[I]ncapacity implies the lack of intelligent mental
power; while undue influence implies within itself the existence of a mind of
sufficient mental capacity to make [an instrument] if not hindered by the
dominant or overriding influence of another in such a way as to make the
instrument speak the will of the person exercising undue influence” and not
that of the maker of the instrument.  Id.  Accordingly, undue influence
assumes the existence of testamentary capacity.  Id. 

“[M]ental capacity” means that, at the time of the execution
of an instrument or contract, the maker must have had sufficient mind and
memory to understand the nature and effect of his act.  Decker v. Decker,
192 S.W.3d 648, 652 (Tex. App.—Fort Worth 2006, no pet.).  The law presumes that a person executing a contract or instrument had sufficient mental capacity at
the time of its execution to understand his legal rights.  Bradshaw v.
Naumann, 528 S.W.2d 869, 873 (Tex. Civ. App.—Austin 1975, writ dism’d); see Hall v. Hall, 352 S.W.2d 765, 767 (Tex. Civ. App.—Houston 1962, no writ)
(mental capacity to contract must be determined as of contract execution
date).  Accordingly, the burden rests on the person seeking to set aside a
contract or instrument to show lack of mental capacity of the contracting party
at the time the contract or instrument was made.  Bradshaw, 528 S.W.2d
at 873.  

To demonstrate a contracting party’s mental capacity at the time of the contract’s
execution, evidence of his mental capacity prior, and subsequent, to the time
of the conveyance is admissible.  See Decker, 192 S.W.3d at 652.  However,
the proper inquiry remains the condition of the contracting party’s mind on the
day the contract or instrument was executed, and any evidence from before or
after the date of execution must be near enough in time to be probative of the
contracting party’s mental capacity on the execution date.  See Turner v.
Hendon, 269 S.W.3d 243, 252 (Tex. App.—El Paso 2008, pet. denied); Dubree
v. Blackwell, 67 S.W.3d 286, 290 (Tex. App.—Amarillo 2001, no pet.).  While circumstantial evidence may be offered to raise an issue of material fact, such
evidence must transcend mere suspicion.  Ford Motor, 135 S.W.3d 598,
601.  Evidence that is so slight as to make any inference a guess is, in legal
effect, no evidence.  Id.

Margaret
submitted three affidavits as summary judgment evidence.  In her own affidavit,
Margaret made the following assertions pertaining to Michael’s mental capacity:

During the later part
of January and the first part of February[2]
I visited with my husband two to three times a week at the Ezell Key Feed and
Grain Store.  He and I would have conversations concerning his health as well
as general discussions.  During this period of time Michael would not answer
questions directly and would stare into space and then respond.  At times he
was very slow in his cognizant thinking and responding to discussions.  At this
time he was on a prescription medication known as Dilaudidin as well as a
substitute for Dilaudidin, Hydromorpon.  He had advised me that this medication
was causing sickness and extreme drowsiness which was difficult for him to be
awake.  While he was under this medication I feel that he did not have the
energy or the cognizant thinking to ascertain the business of his life to be
able to respond or contest any request made of him.   

 

Another
affidavit was executed by Denys Coates, a pharmacist.  Coates averred that a
person taking the drug Hydromorphone “would and could possibly suffer” mental
clouding and mental impairment.  Coates conditioned her affidavit on the
following assumption:  “[a]ssuming that the patient took this medication.”  The
third affidavit was executed by a family friend, Ann Sanders.  She stated that
Michael was in a great deal of pain and that he would take a lot of medication
with alcohol.  She further stated that often he was not able to work on a
building project because of physical problems.  Finally, she stated that she “did
not believe that he was cognizant of his affairs the later part of January 2008
or was able to comprehend business affairs or have knowledge of documents of
what he may have signed.”

We
conclude that the summary judgment evidence does not rise above mere suspicion
regarding a lack of mental capacity on the part of Michael at the time the
change of beneficiary occurred.  The evidence pertaining to the effect of
medication he may have been taking is simply too speculative.  There is no
evidence that he was taking it at the time he executed the beneficiary form.  Furthermore,
Margaret’s affidavit is inconclusive because it describes alleged deficiencies
“at times” with Michael’s mental capacity.  Sanders’s affidavit is also inconclusive
in nature because it describes periods when Michael was allegedly suffering
from physical impairments but yet was still able to work some on a barn
project.  In sum, the summary judgment evidence does nothing more than create a
mere suspicion that Michael lacked mental capacity on the day that he executed
the beneficiary form.

 In the absence of evidence pertaining to a lack of mental capacity
on the part of Michael, we direct our attention to the undue influence
contention.  A party wanting to set aside a document on the basis of
undue influence must prove (1) the exertion of an influence, (2) that operated
to subvert or overpower the person’s mind when executing the document, and (3)
that the person would not have executed the document but for the influence.  In
re Estate of Woods, 542 S.W.2d 845, 847 (Tex. 1976); Rothermel v. Duncan,
369 S.W.2d 917, 922 (Tex. 1963).  The elements of undue influence may be proved
by circumstantial, as well as direct, evidence.  Rothermel, 369 S.W.2d
at 922.  “[An] exertion of undue influence cannot be inferred by opportunity
alone.”  Cotten v. Cotten, 169 S.W.3d 824, 827 (Tex. App.—Dallas 2005,
pet. denied).  There must be some evidence to show that the influence was not
only present, but in fact exerted, with respect to the making of the
instrument.  “The circumstances relied on as establishing the elements of undue
influence must be of a reasonably satisfactory and convincing character, and
they must not be equally consistent with the absence of the exercise of such
influence.” In re Estate of Steed, 152 S.W.3d 797, 810 (Tex. App.—Texarkana
2004, pet. denied).  

Margaret
addressed undue influence in her affidavit in the following respects:  

It is my opinion
that his will power was so lacking that while he was under such drugs as well
as the pain he was enduring with his cancer that he was easily influenced in
signing any change of beneficiary.  I further feel that he did not have the
desire, knowledge or where with all to even request a beneficiary form from the
insurance company.  It is my opinion that this form was obtained by Debra
Householder and was presented to him for him to sign.

 

Sanders also
addressed undue influence in her affidavit by stating that Michael told her how
much he loved Margaret and said that he did not look forward to going to
Debra’s house because she was controlling.  

As
was the case with the evidence pertaining to Michael’s mental capacity, the
summary judgment evidence does not rise beyond a mere suspicion regarding the
undue influence allegation.  There is no evidence pertaining to the
circumstances surrounding the actual execution of the beneficiary designation
form or the role, if any, that Debra played in its execution.  We conclude that
the trial court did not err in granting Debra’s no-evidence motion for summary
judgment.  Margaret’s sole issue on appeal is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

August 25, 2011                                                                     JUSTICE

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]Globe Life is not a party to this appeal.





                [2]The beneficiary designation change form was executed on
January 24, 2008.